2022 IL App (2d) 200089-U
Nos. 2-20-0089 & 2-20-0275 cons.
Order filed February 4, 2022

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| BALASREE SREEDHARAN PILLAI, | ) | Appeal from the Circuit Court |
| | ) | of Du Page County. |
| Plaintiff-Appellant and Cross-Appellee, | ) | |
| | ) | |
| v. | ) | No. 17-LM-2 |
| | ) | |
| ST. GEORGE WAREHOUSE OF IL, INC., | ) | |
| and AIR 7 SEAS TRANSPORT LOGISTICS, | ) | |
| INC., | ) | |
| | ) | |
| Defendants | ) | |
| | ) | Honorable |
| (Air 7 Seas Transport Logistics, Inc., | ) | James D. Orel, |
| Defendant-Appellee and Cross-Appellant). | ) | Judge, Presiding. |

JUSTICE BRENNAN delivered the judgment of the court.
Justices Hutchinson and Birkett concurred in the judgment.

**ORDER**

¶ 1   *Held*:  The trial court did not err in granting summary judgment in defendant's favor on the consumer fraud claim and in denying plaintiff's motion to reconsider the summary judgment ruling. The trial court did not abuse its discretion in granting in part defendant's petition for fees and costs and denying defendant's motion for sanctions. Affirmed.

¶ 2   Plaintiff, Balasree Sreedharan Pillai, sued the initial defendants, Air 7 Seas Transport

Logistics, Inc. (Air 7 Seas), St. George Warehouse of Illinois, Inc. (St. George Warehouse), and

CaroTrans International, Inc. (CaroTrans) for claims arising out of the 2016 transport of his belongings from India to Peoria. The only underlying claim at issue in this appeal is plaintiff's claim against Air 7 Seas for violation of the Illinois Consumer Fraud and Deceptive Business Practices Act (Consumer Fraud Act) (815 ILCS 505/1 *et seq.* (West 2016)). Plaintiff appeals from the trial court's orders granting summary judgment in favor of Air 7 Seas and against plaintiff on the consumer fraud claim, denying plaintiff's motion to reconsider the summary judgment ruling, and granting in part Air 7 Seas's petition for attorney fees and costs under section 10a(c) of the Consumer Fraud Act (815 ILCS 505/10a(c) (West 2016)). Air 7 Seas cross-appeals from the trial court's order on the section 10a(c) petition and the trial court's order denying its motion for sanctions pursuant to Illinois Supreme Court Rule 137 (eff. Jan. 1, 2018). For the reasons set forth below, we affirm.

¶ 3                                    I. BACKGROUND

¶ 4      The following is derived from the pleadings, depositions, and affidavits on file.

¶ 5                          A. Transport of Plaintiff's Goods

¶ 6      In 2016, plaintiff moved from India to Peoria. Plaintiff hired C.A. Logistics Pvt. Ltd. (C.A. Logistics), a transportation intermediary, to facilitate the transport of his belongings. Plaintiff paid C.A. Logistics $5600 for its services.

¶ 7      Plaintiff's goods were transported from the Port of Chennai to the Port of New York and then to St. George Warehouse in Wood Dale. From there, the goods were scheduled to be transported to plaintiff's Peoria residence. As set forth below, the transport involved the following entities: Worldstar Shipping Services (Worldstar)—an international packer and mover; Air 7 Seas—a freight forwarder engaged by Worldstar; Globelink WW India Pvt. Ltd. (Globelink)—a non-vessel operating common carrier; and CaroTrans—a delivery agent engaged by Globelink.

¶ 8    Worldstar met plaintiff at his India residence on May 31, 2016, to load plaintiff's goods into an intermodal container for shipment. At that time, plaintiff signed a baggage description inventory form, verifying the description and quantity of his goods. Worldstar transported plaintiff's goods to the Port of Chennai. On June 3, 2016, Globelink issued a sea waybill to govern the shipment of plaintiff's goods (Globelink waybill). The Globelink waybill provided, *inter alia*, that "[a]ll dues, taxes and charges levied on the goods and other expenses in connection therewith, shall be paid by the consignor or the consignee or the holder of MTD [multimodal transport document] or the owner of the goods." Plaintiff's goods were transported to the Port of New York, where they were subjected to a customs inspection. Following the customs inspection, plaintiff's goods were transported to St. George Warehouse in Wood Dale.

¶ 9    Meanwhile, Worldstar engaged Air 7 Seas as a freight forwarder to communicate with plaintiff regarding billing, documentation, and the status of his shipment and, ultimately, to transport the goods from St. George Warehouse to plaintiff's Peoria residence. Surya Dhamija, Air 7 Seas's chief executive officer and chief financial officer, attested that, "[e]ssentially, Air 7 Seas was to act as a middleman between Plaintiff and the transportation intermediaries involved in the transportation of his goods from India to St. George's warehouse in Illinois. This is standard practice in the shipping industry as a convenience to the shipper or cargo owner, Plaintiff here, who then must only communicate with one person regarding status, billing and documentation, as opposed to multiple persons, often located internationally."

¶ 10    Accordingly, Air 7 Seas e-mailed plaintiff on June 9, 2016, stating, "We are the freight forwarder here in the USA that will help you [w]ith the formalities for customs clearance for your import shipment coming from India." Air 7 Seas attached the requisite forms and instructions for plaintiff's completion. One of the forms was a billing waiver form, which provided that plaintiff

"hereby waives receipt of Invoices and/or copies of Customs entries and directs you to transmit copies directly to Air 7 Seas Transport Logistics." Plaintiff acknowledged in his deposition testimony that he read, completed, signed, and returned the forms.

¶ 11 In accordance with the billing waiver form, Air 7 Seas notified plaintiff of invoiced charges from other entities. Specifically, Worldstar sent Air 7 Seas a "Credit Note" of $310 for a general rate increase charge on plaintiff's goods. Therefore, on July 6, 2016, Air 7 Seas e-mailed plaintiff an invoice for $310 (plus the bank's $35 wire transfer fee) and informed plaintiff that it was "instructed to collect $310.00 before the delivery." In addition, CaroTrans imposed customs-examination related charges of $1,916.40 on plaintiff's goods for the inspection that occurred upon entry into the Port of New York. Moreover, St. George Warehouse's storage charges on plaintiff's goods amounted to $575.05. Thus, on July 21, 2016, Air 7 Seas sent plaintiff an invoice for the outstanding charges from Worldstar, CaroTrans and St. George Warehouse incurred on the transport of his goods (plus a bank's wire transfer fee, courier fee, and/or advancement fee).

¶ 12 Plaintiff did not pay the amounts owed to Worldstar, CaroTrans, or St. George Warehouse. As a result, CaroTrans placed a lien on plaintiff's goods. In turn, St. George Warehouse would not release the goods until the charges were paid. Consequently, Air 7 Seas did not pick up plaintiff's goods from St. George Warehouse and deliver them to plaintiff's residence.

¶ 13 Correspondence from July 2016 and August 2016 reflected plaintiff's request that Air 7 Seas provide additional proof of CaroTrans's customs-examination related charges. Air 7 Seas responded that plaintiff should request the information from CaroTrans and that St. George Warehouse would not let Air 7 Seas pick up the goods from the warehouse if plaintiff failed to satisfy CaroTrans's lien and St. George Warehouse's storage-related charges. Plaintiff responded: "I will not contact Caro Trans or anyone else as I have no dealing with anyone you have mentioned

other than Air 7 Seas." Air 7 Seas notified plaintiff and the transportation intermediaries that Air 7 Seas could not pick up the goods and deliver them to plaintiff and that plaintiff was "not accepting the proof of examination." Air 7 Seas proceeded to request additional documentation from CaroTrans. Ultimately, after receiving a summary of the customs-examination related charges from CaroTrans, on August 26, 2016, Air 7 Seas sent plaintiff the summary and an itemization of the charges.

¶ 14    Plaintiff continued to refuse to pay CaroTrans's charges and continued to accrue storage-related charges from St. George Warehouse. Thus, on October 5, 2016, Air 7 Seas sent plaintiff an updated invoice reflecting the additional charges. Plaintiff did not pay the charges.

¶ 15                                  B. Procedural History

¶ 16    We recount the procedural history involving the underlying lawsuit and Air 7 Seas's petition for fees and costs and motion for sanctions.

¶ 17                                  1. Underlying Lawsuit

¶ 18    The underlying case involved several iterations of the complaint, motions to dismiss, and cross-motions for summary judgment.

¶ 19                                  a. Initial Complaint

¶ 20    On January 3, 2017, plaintiff filed this lawsuit against St. George Warehouse, CaroTrans, and Air 7 Seas. The case initially was assigned to Judge Robert W. Rohm. Plaintiff brought a replevin count against St. George Warehouse, seeking $5000 in damages and attorney fees and costs. Plaintiff bought a declaratory judgment count against all defendants, requesting a declaratory judgment that he had a right to his property, that he owed no money to any defendant, and that the lien on his property was void, and seeking attorney fees and costs. On January 24,

2017, plaintiff obtained an order of replevin against St. George Warehouse and obtained his goods on May 12, 2017.

¶ 21   Meanwhile, on February 14, 2017, CaroTrans filed counterclaims against plaintiff and Air 7 Seas for account stated and for implied indemnity against Air 7 Seas. Air 7 Seas moved to dismiss the counterclaims. However, CaroTrans was dismissed with prejudice from the case on August 9, 2017, pursuant to an agreed stipulation to dismiss. Following its dismissal as a defendant, CaroTrans voluntarily dismissed the counterclaims pursuant to section 2-1009 of the Code of Civil Procedure (735 ILCS 5/2-1009 (West 2016)). Also at this time, plaintiff's August 7, 2017, motion for leave to file an amended complaint was granted.

¶ 22                               b. First Amended Complaint

¶ 23   On August 16, 2017, plaintiff filed his first amended complaint against St. George Warehouse and Air 7 Seas, in which he maintained the replevin count against St. George Warehouse, the declaratory judgment count against both St. George Warehouse and Air 7 Seas, and added a count against Air 7 Seas for violation of the Consumer Fraud Act, seeking actual and compensatory damages, punitive damages in excess of $50,000, and attorney fees and costs.

¶ 24   Regarding the Consumer Fraud Act claim, plaintiff alleged, *inter alia*, that: (1) Air 7 Seas's statements to plaintiff that it would assist in the formalities of customs clearance was fraudulent and misleading; (2) Air 7 Seas's use of duress to obtain, and attempt to obtain, consent for additional unauthorized payments from plaintiff was an unfair or fraudulent practice or act; (3) Air 7 Seas's actions in allowing plaintiff's belongings to be held and subjected to additional charges by its third-party vendors were fraudulent and an unfair practice or act; (4) plaintiff did not contact or contract with Air 7 Seas for assistance in the importation of his property and had no agreements with Air 7 Seas to pay for its services or any services that it contracted with other parties to provide;

(5) Air 7 Seas's attempts to collect money from plaintiff without a valid contract or agreement were fraudulent and an unfair practice or act; and (6) Air 7 Seas was compensated for "services it was to contract on behalf of Plaintiff" but did not secure the services.

¶ 25    Air 7 Seas filed a motion to dismiss the first amended complaint pursuant to section 2-619.1 of the Code of Civil Procedure (735 ILCS 5/2-619.1 (West 2016)). Air 7 Seas sought dismissal pursuant to section 2-619(a)(9) of Code of Civil Procedure (735 ILCS 5/2-619(a)(9) (West 2016)) on the basis that the claim is barred by other affirmative matter—namely, that the Globelink waybill contained a forum selection clause that required the lawsuit to be brought in the United States District Court for the Southern District of New York. Air 7 Seas also sought dismissal pursuant to section 2-615 of Code of Civil Procedure (735 ILCS 5/2-615 (West 2016)) on the basis that plaintiff failed to state a declaratory judgment claim because plaintiff failed to plead a case or controversy and failed to plead the elements of a claim under the Consumer Fraud Act.

¶ 26    Following briefing and argument, on November 16, 2017, the trial court entered an order denying Air 7 Seas's request for dismissal under section 2-619(a)(9), finding that plaintiff was "not bound by the forum selection clause as a consumer as specifically elaborated on the record." While the record does not include a transcript of the November 16, 2017, proceeding, an excerpt of the ruling was quoted in plaintiff's May 24, 2019, motion to reconsider the trial court's summary judgment ruling as follows: "I don't think cargo owner in and of itself is enough. *** I didn't see any [cases] that involved a consumer simply hiring a mover where they were charged with the terms of the contract that, number one, they have no sophistication about; and number two, absolutely no knowledge about ***." The trial court further found that, even if plaintiff were bound

by the forum selection clause, the clause was unenforceable under the Carriage of Goods by Sea Act, 46 U.S.C. § 30701, *et seq.* (2016).

¶ 27    With respect to defendant's request for dismissal under section 2-615 of both the declaratory judgment and consumer fraud claims, the trial court granted the motion but dismissed the claims without prejudice and with leave to amend. The trial court added that plaintiff "cannot replead Count II [for declaratory judgment] to include the remedies of cost or attorney fees" and that if plaintiff prevails against Air 7 Seas "under a replead Count III [for consumer fraud], attorney fees that may be recoverable would not include attorney fees associated with Counts I [for replevin] and II [for declaratory judgment]."

¶ 28                              c. Second Amended Complaint

¶ 29    On December 14, 2017, plaintiff filed a second amended complaint against St. George Warehouse and Air 7 Seas, reasserting the replevin count against St. George Warehouse, the declaratory judgment counts against both defendants, and the Consumer Fraud Act count against Air 7 Seas. Regarding the Consumer Fraud Act claim, plaintiff maintained his request for actual and compensatory damages, punitive damages in excess of $50,000, and attorney fees and costs for the Consumer Fraud Act claim. Plaintiff added allegations regarding C.A. Logistics's failure to explain the involvement of any other entities in the shipping of plaintiff's goods and plaintiff's understanding that "if other entities were utilized for the importation of his property, they would be contracted by and paid by C.A. Logistics."

¶ 30    Plaintiff also alleged, *inter alia*, that: (1) Air 7 Seas's statements in its June 9, 2016, e-mail to plaintiff regarding its services were deceptive, fraudulent, and a misrepresentation and concealed, suppressed, and/or omitted material facts, including that plaintiff had no contract with Air 7 Seas or Worldstar, "additional customs exam charges were a possible future expense," Air 7

Seas expected to be paid by plaintiff under " 'usual course of trade,' " and Air 7 Seas would be " 'responsible for communicating with plaintiff regarding status, billing and documentation related to the shipment, and was to carry the cargo to its final destination from [St. George Warehouse] after the cargo arrived there and was segregated by [St. George Warehouse] from other goods shipped in the same container' "; (2) Air 7 Seas's attempt to collect a "fraudulent" general rate increase charge and without the requisite notice was an unfair and deceptive practice or act; (3) Air 7 Seas's use of threats of shipment delay and exorbitant storage fee penalties for nonpayment to attempt to collect the general rate increase from plaintiff was an unfair and deceptive practice or act; (4) Air 7 Seas "refused to pay Carotrans'[s] Invoice despite being the listed consignee and only entity capable of paying the Invoice"; (5) the invoice that Air 7 Seas sent to plaintiff on July 21, 2016, contained charges that were "fraudulent, excessive, obtained through prior duress and fraud (concerning the [general rate increase]), and were not properly owed by Plaintiff under any contract, including but not limited to: attempting to charge Plaintiff for the entirety of the customs exam despite two other ["less than container load"] parties owning cargo in the container inspected and delay in presenting the invoice to Plaintiff causing additional storage fees and potential storage fees"; and (6) Air 7 Seas sent plaintiff "numerous, frequent, email communications demanding payment of their Invoice, stating that more charges would accrue daily, and providing updated total charges reaching upwards of over $10,000.00, which Plaintiff stated to Defendant Air 7 Seas to be harassment."

¶ 31     Air 7 Seas moved to dismiss the second amended complaint pursuant to section 2-619.1. Air 7 Seas sought dismissal under section 2-619(a)(9) on the basis that the affirmative matter of record in the case defeated plaintiff's claims. Air 7 Seas sought dismissal under section 2-615 on grounds that plaintiff failed to state a declaratory judgment claim because plaintiff failed to plead

a case or controversy and failed to plead a deceptive act or unfair conduct under the Consumer Fraud Act. Following briefing and argument, on March 15, 2018, the trial court entered an order dismissing the declaratory judgment count with prejudice but denying the motion to dismiss as to the consumer fraud claim. (The record does not include a transcript of the March 15, 2018, proceeding). Accordingly, the sole remaining claim against Air 7 Seas was the Consumer Fraud Act count.[1]

¶ 32                                     d. Summary Judgment

¶ 33    Discovery proceeded, and plaintiff and Air 7 Seas subsequently filed cross-motions for summary judgment. At this point, Judge James D. Orel was assigned to the case. After briefing and argument, on April 24, 2019, the trial court granted Air 7 Seas's summary judgment motion and denied plaintiff's summary judgment motion. In its oral findings, the trial court found that plaintiff was aware that C.A. Logistics, with whom plaintiff contracted, would have an agent in the United States who would contact and assist plaintiff. Moreover, plaintiff signed the billing waiver form that Air 7 Seas e-mailed plaintiff, acknowledging that there would be future invoices that would be sent to Air 7 Seas. The trial court further found that Air 7 Seas's subsequent e-mail to plaintiff "merely indicate[d] that there is amounts due and owing as a result of the U.S. Customs inspection and warehouse charge[,] neither of which of those were charged by [Air] 7 Seas acting

_____

[1] Count I for replevin against St. George Warehouse remained pending. However, St. George Warehouse never appeared in this case, and, as discussed, plaintiff obtained an order of replevin against St. George Warehouse on January 24, 2017. Ultimately, on January 14, 2020, the trial court granted plaintiff's oral motion to voluntarily dismiss Count I with prejudice.

only as a co-assignee o[r], quite frankly, the middleman in this." In addition, the trial court found that there was "no intent to have a deceptive act or practice."

¶ 34    The trial court noted that plaintiff "may have a cause of action against other entities, including [C.A.] Logistics for which they entered the contract with, but there is no contract between this defendant and the plaintiff" and "no charges that this defendant, that I can see, has charged the plaintiff." Accordingly, the trial court concluded that Air 7 Seas was "merely a middleman doing what the plaintiff agree[d], accepting invoices and then forwarding them on to the plaintiff." In sum, the trial court found that plaintiff had "not presented a single material question of fact to defeat the motion for summary judgment."

¶ 35    On May 24, 2019, plaintiff filed a motion to reconsider the ruling on the cross-motions for summary judgment. Plaintiff argued generally that the trial court failed to distinguish between deceptive conduct and unfair conduct—both of which constitute violations of the Consumer Fraud Act. Plaintiff also argued that the trial court improperly relied upon the billing waiver form, particularly given Judge Rohm's finding, in denying Air 7 Seas's request for dismissal of the first amended complaint based upon the forum selection clause in the Globelink waybill, that plaintiff was not a sophisticated shipper. According to plaintiff, Air 7 Seas violated the Consumer Fraud Act by sending the deceptive and/or misleading June 9, 2016, e-mail to plaintiff, attempting to collect an unenforceable and fraudulent general rate increase, and refusing to pay CaroTrans's invoice for the customs-related examination charges. And finally, plaintiff argued that intent to deceive is not an element under the Consumer Fraud Act and that the trial court, therefore, improperly considered that there was "no intent to have a deceptive act or practice" on the part of Air 7 Seas.

¶ 36    The motion was briefed and then argued on August 28, 2019. During argument, the trial court asked plaintiff's counsel how Air 7 Seas could have violated the Consumer Fraud Act by forwarding other entities' billings to plaintiff—a process to which plaintiff agreed in the billing waiver form—and how plaintiff was damaged by Air 7 Seas's conduct. Plaintiff's counsel argued that Air 7 Seas's failure to pay the invoices amounted to an unfair practice. The trial court inquired: "Why should they pay your client's bill?" Counsel responded: "Because they were the one that signed up for those services with CaroTrans—." In response to the trial court's repeated questioning as to the legal basis for an obligation that Air 7 Seas pay plaintiff's debts for him, plaintiff's counsel directed the trial court to a November 15, 2016, e-mail from a St. George Warehouse representative to plaintiff's counsel, stating that CaroTrans could not release plaintiff's goods until the customs-related examination charges were paid and that these charges were "the responsibility of the actual consignee (*although we must receive payment from Air 7 Seas*)." Plaintiff's counsel acknowledged that the "actual consignee" was plaintiff. Ultimately, in response to the trial court's question as to "what agreement did [Air] 7 Seas have with your client to advance moneys in this case," plaintiff's counsel responded: "None, your Honor."

¶ 37    Following the August 28, 2019, argument, the trial court denied plaintiff's motion to reconsider the summary judgment ruling. The trial court reasoned:

> "Nowhere is there an agreement that Air 7 Seas was to pay your client's bills. You say that's unfair. What they should have done was pay your client's bills and then sue them in court. I am not aware of any case in this state that requires a party to do that for someone. I have seen nothing here that [Air] 7 Seas did, that would reach the element of damages that your client is alleged to have had in that they didn't bill your client or ever attempt to collect any money from your client. They did nothing but accept invoices and forward them

to your client, who was unwilling to pay them and who would rather fight this for months and years than pay it and have his product. But that's neither here nor there for this motion.

CaroTrans sent an invoice. St. George Warehouse sent an invoice. And the company of origin apparently sent the [general rate increase]. I don't believe [Air] 7 Seas is responsible to take the steps that you suggest that was the ultimate deceptive act or unfair act. There has not been a single case presented to this Court to support that argument. For that reason, I'm denying the motion to reconsider."

¶ 38                              2. Fee Petition and Sanctions Motion

¶ 39    Meanwhile, on May 23, 2019, Air 7 Seas filed a combined petition for attorney fees and costs against plaintiff as the prevailing party under section 10a(c) of the Consumer Fraud Act (815 ILCS 505/10a(c) (West 2016)), and motion for sanctions against plaintiff and his counsel under Supreme Court Rule 137 (eff. Jan. 1, 2018). Air 7 Seas sought a total of $62,167.93 in fees and costs and submitted a supporting affidavit and billing records. Air 7 Seas amended its request twice before the trial court's final ruling, as set forth below.

¶ 40                          a. Initial Fee Petition and Sanctions Motion

¶ 41    In in its initial filing, Air 7 Seas argued that plaintiff pursued the Consumer Fraud Act claim in bad faith, refused a settlement offer for more than the amount plaintiff claimed to have incurred in total expenses, made false or misleading allegations notwithstanding plaintiff and his counsel's possession of the dispositive billing waiver form, and needlessly prolonged the litigation.

¶ 42    On August 28, 2019, after the trial court ruled on plaintiff's motion to reconsider the summary judgment ruling, the trial court turned to Air 7 Seas's section 10a(c) petition and Rule 137 motion, directing Air 7 Seas's counsel "to reconsider what you're asking for here because I have to consider reasonable connection between the fees charged and the litigation." The trial court

also instructed Air 7 Seas's counsel to "tell me what hours you're putting towards the consumer fraud versus the 137 and then I want Counsel [to have] the opportunity to respond." The trial court further stated, with respect to the Rule 137 sanctions motion, that "I have to look at a clear record of wil[l]ful conduct showing deliberate and continuing disregard." In commenting on the request for "almost 400 hours of attorney's fees," the trial court noted that "[t]he last thing I want to do in this case is add to the attorney's fees." The trial court proceeded to state that the case should not have been filed in Du Page County and that, had the motion to dismiss based upon the forum selection clause been before him, "it would have gone to where the arbitration clause had. It would have not been on the citizens of Du Page County or on this Court." The trial court's August 28, 2019, order provided that Air 7 Seas's petition for attorney fees and costs and motion for sanctions was withdrawn with leave to refile by September 25, 2019 "consistent with the Court's statements on the record."

¶ 43                    b. Second Fee Petition and Sanctions Motion

¶ 44    On September 25, 2019, Air 7 Seas filed an amended combined petition for attorney fees and costs under section 10a(c) and motion for sanctions under Rule 137 with a supporting affidavit and billing records, arguing that plaintiff pursued a frivolous Consumer Fraud Act claim, made settlement demands in bad faith, and made false or misleading allegations. Air 7 Seas argued that plaintiff and his counsel knew about the dispositive billing waiver form before they filed the lawsuit and nevertheless maintained the frivolous argument that Air 7 Seas was responsible for the invoiced charges and the lien on plaintiff's goods.

¶ 45    Regarding the amount of fees and costs requested, Air 7 Seas stated that the amount was not arbitrary, as it already paid its counsel $47,707.64 in fees and costs and was in the process of paying the remaining amount of $22,821.29 owed to counsel for defense of this litigation. Thus,

Air 7 Seas sought a total award of $70,528.93 in fees and costs. Regarding the delineation of fees requested pursuant to section 10a(c) and fees requested pursuant to Rule 137, Air 7 Seas stated that, of the total award sought, $8,574.50 was incurred before plaintiff sought leave to file the Consumer Fraud Act claim on August 7, 2017. Accordingly, Air 7 Seas sought all its fees and costs against plaintiff and his counsel pursuant to Rule 137 but eliminated $8,574.50 from the amount sought against plaintiff pursuant to section 10a(c). Air 7 Seas further argued that the amount of the fees was reasonable given, *inter alia*, that the case had been pending for over two years, required 15 court appearances, and necessitated 8 substantive briefs to obtain dismissal and summary judgment and seek fees.

¶ 46    Before responding to Air 7 Seas's petition and motion, on November 19, 2019, plaintiff filed a petition to substitute the trial judge for cause pursuant to section 2-1001(a)(3) of the Code of Civil Procedure (735 ILCS 5/2-1001(a)(3) (West 2018)) and requested that the case be transferred to Peoria County, where both plaintiff and his counsel reside. Plaintiff argued in the substitution petition that the trial court's statement that he disagreed with the ruling denying dismissal based upon the forum selection clause and the trial court's questioning at the hearing on his motion to reconsider the summary judgment ruling reflected the "inability to remain unbiased in this case." The presiding judge heard argument on and denied the substitution petition on December 9, 2019.

¶ 47    Following briefing and argument on Air 7 Seas's first amended fee petition and motion for sanctions, on January 14, 2020, the trial court denied the petition and motion but stated that denial of the section 10a(c) request for fees and costs was without prejudice and with leave to replead. In finding that sanctions were not warranted under Rule 137, the trial court noted plaintiff's reliance upon "the one CaroTrans document" to support its allegations throughout the litigation, although,

ultimately, there was no genuine issue of material fact regarding the lack of Air 7 Seas's obligation to have paid the bill.

¶ 48    However, in considering the section 10a(c) petition, the trial court found that "there is not a shred of evidence [Air 7 Seas] did anything other than forward several invoices to [plaintiff] which he took as being some sort of fraudulent act without any theory at all because they weren't his bills." The trial court found that plaintiff's attorney was "way overzealous on this case." Moreover, the trial court stated: "And ultimately, since you both have brought in settlement discussions, it boggles this Court's mind, on both sides, that this case which was less than $5,000, that I am now hearing a $70,000 sanction motion where even at some point through the Court's litigation there was a $6,500 offer. Your client got his property free and clear from the warehouse and in addition was going to get $6,500. He never had to pay a storage fee. *** And he could have had money in his pocket. But rather than take that, he decided to litigate this like it was a $500,000 case."

¶ 49    Nevertheless, the trial court denied Air 7 Seas's petition under section 10a(c), instructing the parties to address the factors considered by courts in reviewing fee requests, including the time and labor required, novelty and difficulty of the questions involved, experience and ability of counsel, the necessity to perform the legal services rendered, the customary fees charged for such services, and the benefits to the client. The trial court stated that it was troubled by a request of over $70,000 in fees with over 400 hours billed given the nature of the case and the fact that there had been only one deposition taken (plaintiff's) and two sets of interrogatories, requests to produce and requests to admit. The trial court also specified the problematic nature of "well over seventy or eighty hours of just legal research on these issues." In sum, the trial court found that "there's no

way that I can pick and choose what is reasonable out of that 400-plus hours that you currently sent to the Court on a $5,000 case."

¶ 50                                    c. Third Fee Petition

¶ 51    Air 7 Seas filed a corrected, renewed section 10a(c) petition on February 18, 2020, with a supporting affidavit and billing records. Air 7 Seas sought an award of $60,902.77 (reflecting fees and costs incurred beginning August 7, 2017—when plaintiff sought and obtained leave to file his first amended complaint adding the Consumer Fraud Act claim), but at least $52,133.62 (reflecting only fees and costs incurred after March 15, 2018—when the declaratory judgment count was dismissed with prejudice but the motion to dismiss the Consumer Fraud Act claim was denied). Air 7 Seas argued that it was the prevailing party on the Consumer Fraud Act claim and that plaintiff pursued the claim in bad faith. In addressing the reasonableness of the fee request, Air 7 Seas argued that the case involved an international shipment from India to Illinois; claims for replevin, declaratory judgment, and consumer fraud arising out of the shipment, and the involvement of multiple parties. Air 7 Seas stated that the successful defense of the litigation was handled primarily by an associate attorney with a below-market hourly billing rate of $165 and the fees incurred were necessary in successfully obtaining summary judgment in Air 7 Seas's favor.

¶ 52    On March 13, 2020, following briefing and argument, the trial court granted the section 10a(c) petition in part, finding that Air 7 Seas established plaintiff's bad faith but reducing the amount of the award to $18,562.50 in attorney fees against plaintiff. In addressing the underlying claim, the trial court stated that plaintiff presented no evidence of any damages proximately caused by Air 7 Seas—a requisite element of the Consumer Fraud Act claim. Indeed, the evidence established that plaintiff "actually paid less than he contracted with [C.A.] Logistics" for the shipment of his goods. With respect to plaintiff's theory that Air 7 Seas should have paid plaintiff's

debts for him and then pursue litigation to recoup the money, the trial court found "no case law to support that argument" and no evidence of Air 7 Seas's involvement in the charges imposed on plaintiff's goods. The trial court further found that the billing waiver form, "which everyone admits the plaintiff signed," established that plaintiff "clearly knew" that "Air 7 Seas was going to receive invoices or could receive invoices, and they were directed to be sent through Air 7 Seas."

¶ 53    In addition, the trial court noted plaintiff's suggestion during argument that Air 7 Seas "should have just allowed the default." However, pointing out that plaintiff sought attorney fees as well as punitive damages in excess of $50,000 in both its first amended complaint and second amended complaint, the trial court stated, "I don't know how any entity would sit back with those pleadings and allow a default."

¶ 54    In sum, the trial court held:

> "I don't believe any of these [Consumer Fraud Act] elements could ever be proven based on what the plaintiff discovered and what the plaintiff pled. Despite that, the plaintiff proceeded in this litigation. And granted they had to defend a summary judgment, but then a motion to reconsider, and then a motion for substitution of judge after this Court made substantive rulings. This is litigation that the plaintiff brought forward. So some of the comments that plaintiff's counsel made here today, it's unfair to the plaintiff to pay this fee? I've never heard of any entity that would, on it[]s own, pay someone else's fee and then sue, that's just not how any system works. These were fees that the plaintiff earned and should have been paid. The size of this case was less than $5[]000 when it was initially filed, but it was the plaintiff, through their amended pleadings, twice, asking for punitives in excess of $50,000 plus attorney[] fees, thus raising what's at issue here. Doing that, knowing what I've just cited from the plaintiff's own pleadings and from all the discovery

that was presented to this Court, there is nothing that I found in the evidence that Air 7 Seas did anything remotely to fall within the elements of the Illinois Consumer Fraud Act."

¶ 55     However, the trial court found, "the flip-side of that is this is the second time the Court has heard a motion for fees. And, again, it's a quite large, $52,000 or $60,000 in fees. I have personally as an attorney been involved in litigation for 25 years. I have sat on a bench almost ten years, and I think I understand on a case this size what is fair and reasonable. I do find bad faith based on everything I've just stated and in my review."

¶ 56     The trial court proceeded to note its consideration of the degree of bad faith, plaintiff's ability to satisfy a fee award, the deterrent value of a fee award, whether there was a benefit to consumers or businesses or involvement of a significant legal issue regarding the Consumer Fraud Act, and the relative of merits of the parties' positions. The trial court reiterated its bad-faith finding and concluded:

> "Here's what I find, despite all the legal research that defendant's counsel did, I'm going to award 25 hours of legal research at $165 an hour, 20 hours for drafting and arguing the response to the motion to reconsider, 20 hours for drafting and arguing the fee petition, 25 hours for the discovery, the deposition that occurred in the course of this trial, including preparation for and travel to, all that, and then 1.5 hours for each of the 15 court appearances that counsel definitely [was] made aware of. All those are at $165 an hour."

Accordingly, the trial court awarded Air 7 Seas $18,562.50 in fees against plaintiff pursuant to section 10a(c).

¶ 57     Plaintiff timely filed a notice of appeal from the trial court's orders granting summary judgment in favor of Air 7 Seas and against plaintiff on the Consumer Fraud Act claim, denying plaintiff's motion to reconsider the summary judgment ruling, and granting in part Air 7 Seas's

section 10a(c) petition. Air 7 Seas timely cross-appealed from the trial court's order on the section 10a(c) petition and the trial court's order denying its motion for sanctions pursuant to Rule 137.[2]

¶ 58                                      II. ANALYSIS

¶ 59     Initially, plaintiff reiterates claims of bias on the part of the trial court as evidenced in its summary judgment ruling. According to plaintiff, the trial court's rulings against plaintiff were "likely due to the Trial Judge's personal feelings he developed during the case as shown by his statements at the 8/28/2019 hearing [on the parties' cross-motions for summary judgment]." However, in addition to the lack of record support for his bias claim, we note plaintiff did not appeal from the denial of his substitution petition. Moreover, in his reply brief, plaintiff acknowledges that the substitution petition "is not on appeal and the statements of the Trial Judge are only included to provide background and collaborating [*sic*] information to the Court." Accordingly, the substitution petition is not at issue in this appeal, and we disregard plaintiff's bias claim pertaining to the petition.[3]

¶ 60     In turning to the issues for our review, we first address the trial court's ruling as to the cross-motions for summary judgment on the consumer fraud claim and its denial of plaintiff's

_____

[2] Earlier in the litigation, on January 30, 2020, plaintiff filed a notice of appeal from the trial court's orders on the cross-motions for summary judgment and motion for reconsideration. On April 30, 2020, this court entered an order consolidating the appeals.

[3] On August 4, 2021, we granted plaintiff's motion to file his untimely reply brief instanter but directed him to submit the brief in a separate transaction (or "envelope") for filing by August 11, 2021. Plaintiff never submitted the brief as directed. We nevertheless, on our own motion, order the reply brief filed *instanter* for purposes of our consideration.

reconsideration motion. We then address the trial court's ruling on Air 7 Seas's section 10a(c) petition for fees and costs and Rule 137 motion for sanctions.

¶ 61                              A. Consumer Fraud Act Claim

¶ 62    Plaintiff argues that the trial court erred in granting summary judgment to Air 7 Seas on the consumer fraud claim and that plaintiff was entitled to summary judgment on the claim. According to plaintiff, the trial court misconstrued the facts and failed to consider the distinction between deceptive acts and unfair acts under the Consumer Fraud Act. For these reasons, plaintiff also argues that the trial court erred in granting his motion to reconsider the summary judgment ruling. Air 7 Seas responds that the trial court properly considered the dispositive billing waiver form and other evidence and correctly applied the law in ruling on the summary judgment motions and denying reconsideration. As set forth below, we hold that the trial court did not err in granting Air 7 Seas's summary judgment motion, denying plaintiff's summary judgment motion, and denying plaintiff's reconsideration motion.

¶ 63    Summary judgment is proper when "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." 735 ILCS 5/2-1005(c) (West 2018). "The purpose of summary judgment is not to try a question of fact, but rather to determine whether a genuine question of material fact exists." *Bagent v. Blessing Care Corp.*, 224 Ill. 2d 154, 162 (2007). In determining whether there is a genuine issue of material fact, the pleadings, depositions, admissions, and affidavits must be construed strictly against the movant and liberally in favor of the opponent. *Id.* A triable issue of fact exists where there is a dispute as to a material fact or where, although the material facts are not in dispute, reasonable minds might differ in drawing inferences from those facts. *Id.* at 162-63. Although summary judgment can aid in the

expeditious disposition of a lawsuit, it is a drastic measure and, thus, should be allowed only where the movant's right to judgment is "clear and free from doubt." *Id.* at 163. We review summary judgment rulings *de novo*. *Id.*

¶ 64    "The purpose of a motion to reconsider is to bring to the trial court's attention a change in the law, an error in the trial court's previous application of existing law, or newly discovered evidence that was not available at the time of the prior hearing or decision." See *Horlacher v. Cohen*, 2017 IL App (1st) 162712, ¶ 79. Where, as here, the motion to reconsider was based upon a purported misapplication of law, the standard of review is *de novo*. *Id.* ¶ 80.

¶ 65    With these concepts in mind, we address the trial court's entry of summary judgment in Air 7 Seas's favor on the consumer fraud claim. "The Consumer Fraud Act is a regulatory and remedial statute intended to protect consumers, borrowers, and business persons against fraud, unfair methods of competition, and other unfair and deceptive business practices." *Robinson v. Toyota Motor Credit Corp.*, 201 Ill. 2d 403, 416-17 (2002). The elements of a Consumer Fraud Act claim are: (1) a deceptive act or practice by the defendant, (2) the defendant's intent that the plaintiff rely on the deception, (3) the occurrence of the deception in the course of conduct involving trade or commerce, and (4) actual damage to the plaintiff that is (5) proximately caused by the deception. 815 ILCS 505/2 (West 2016); *McIntosh v. Walgreens Boots Alliance, Inc.*, 2019 IL 123626, ¶ 21.

¶ 66    A plaintiff may recover under the Consumer Fraud Act for unfair as well as deceptive conduct. *Sheffler v. Commonwealth Edison Co.*, 2011 IL 110166, ¶ 62. In determining whether conduct is unfair, courts consider " '(1) whether the practice offends public policy; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to

consumers.' " *Id.* (quoting *Robinson*, 201 Ill. 2d at 417-18). All three elements need not be met to support an unfairness finding. *Robinson*, 201 Ill. 2d 418.

¶ 67    Distilled, plaintiff's claim is that Air 7 Seas violated the Consumer Fraud Act by attempting to collect the general rate increase, warehouse charges, and customs-related examination charges. However, it was undisputed that plaintiff read and signed the billing waiver form, acknowledging that he "hereby waives receipt of Invoices and/or copies of Customs entries and directs you to transmit copies directly to Air 7 Seas Transport Logistics." The evidence established that this is precisely what happened. Air 7 Seas received charges from other entities and forwarded the invoiced charges to plaintiff.

¶ 68    Plaintiff's position throughout the litigation was that the charges were fraudulent and that Air 7 Seas should have paid the charges on plaintiff's behalf, but plaintiff presented no evidence or legal authority to support the position. Air 7 Seas's collection efforts were for charges on behalf of other entities and arose out of the authority plaintiff expressly granted to Air 7 Seas in signing the billing waiver form. While plaintiff appears to challenge the validity of the billing waiver form on appeal and contends that Worldstar's general rate increase was in fact a credit to sums that Air 7 Seas purportedly owed to Worldstar, Air 7 Seas argues that these issues are forfeited for failure to raise them in the trial court. See *Huang v. Brenson*, 2014 IL App (1st) 123231, ¶ 22 ("Failure to raise an issue in the trial court generally results in forfeiture of that issue on appeal."). Plaintiff does not respond to this assertion in his reply brief. In addition, plaintiff simply presents no evidentiary or legal support for the arguments. Accordingly, for the foregoing reasons, summary judgment was properly entered in Air 7 Seas's favor on plaintiff's consumer fraud claim.

¶ 69    In appealing the grant of summary judgment, plaintiff now contends that the trial court failed to consider the distinction between deceptive acts and unfair acts under the Consumer Fraud

Act. However, throughout his brief, plaintiff not only fails to specify the actions that amounted to unfair conduct but also fails to address the elements for consideration in making an unfairness finding. A "bald claim of unfairness or deception" does not establish a violation of the Consumer Fraud Act. *Robinson*, 201 Ill. 2d at 421. Moreover, at the August 28, 2019, hearing on plaintiff's motion to reconsider the summary judgment ruling, the trial court repeatedly inquired as to the basis for the unfairness claim. Plaintiff's counsel argued that Air 7 Seas's failure to pay the invoices amounted to an unfair practice. Yet counsel ultimately acknowledged that there was no agreement obligating Air 7 Seas to do so. As the trial court found, Air 7 Seas was "merely a middleman doing what the plaintiff agreed, accepting invoices and then forwarding them on to the plaintiff."

¶ 70    Plaintiff also maintains that Air 7 Seas violated the Consumer Fraud Act by sending the June 9, 2016, e-mail to plaintiff, in which is stated that "[w]e are the freight forwarder here in the USA that will help you [w]ith the formalities for customs clearance for your import shipment coming from India." According to plaintiff, Air 7 Seas omitted that it "could, and was likely to, seek payments from Plaintiff." However, plaintiff presented no evidence that Air 7 Seas knew at that point that the charges at issue would be incurred.

¶ 71    Plaintiff further challenges the trial court's determination that plaintiff failed to show any damages given the evidence that plaintiff recovered his property without paying the disputed charges and paying C.A. Logistics less than the invoiced amount. To sustain his Consumer Fraud Act claim, plaintiff was required to prove that he suffered actual damages as a result of the statutory violation. See *Burkhart v. Wolf Motors of Naperville, Inc.*, 2016 IL App (2d) 151053, ¶ 22 ("[O]nly a person who suffers actual damages as a result of a violation of the [Consumer Fraud] Act may bring a private action."). According to plaintiff, the trial court ignored his allegation that he

suffered actual damages from loss of use of property and expenses to recover his property. Plaintiff's argument misses the point—that he failed to present *evidence* of any damages or that any such damages were *proximately caused* by Air 7 Seas's deceptive act or practice. There was no genuine issue of material fact with respect to the Air 7 Seas's role in forwarding invoiced charges on behalf of other entities. As the trial court found, plaintiff "may have a cause of action against other entities" but there were "no charges that this defendant, that I can see, has charged the plaintiff." Accordingly, the trial court did not err in determining that plaintiff's failure to establish damages warranted summary judgment in Air 7 Seas's favor.

¶ 72    As a final matter, plaintiff argues that the trial court improperly considered plaintiff's failure to establish Air 7 Seas's intent to deceive. Intent to deceive is not an element under the Consumer Fraud Act. See *McIntosh*, 2019 IL 123626, ¶ 21. Rather, a plaintiff must show the defendant's intent that the plaintiff rely on the deception. See *id.* We note that, in its April 24, 2019, ruling on the cross-motions for summary judgment, the trial court stated that there was "no intent to have a deceptive act or practice" on the part of Air 7 Seas, not that there was no intent to deceive. Regardless, the entirety of the trial court's ruling reflects that the trial court did not base its determination on a failure to establish an intent to deceive. To the contrary, the trial court found no genuine issue of material fact as to any conduct violative of the Consumer Fraud Act. Rather, the trial court found it undisputed that plaintiff was aware that C.A. Logistics, with whom plaintiff contracted, would have an agent in the United States who would contact and assist plaintiff and that plaintiff signed the billing waiver form, acknowledging that there would be future invoices that would be sent to Air 7 Seas. Based upon our review of the record, we agree. Accordingly, we hold that the trial court did not err in granting Air 7 Seas's summary judgment motion, denying

plaintiff's summary judgment motion, and denying plaintiff's motion to reconsider the summary judgment ruling.

¶ 73                    B. Section 10a(c) Petition and Rule 137 Motion

¶ 74    Plaintiff challenges the trial court's bad-faith finding under section 10a(c) and argues that imposition of the fee award amounted to a penalty for mere lack of success in the litigation. Air 7 Seas responds that the litany of findings made by the trial court with respect to plaintiff's conduct throughout the litigation demonstrates that the fee award was not an abuse of discretion. Moreover, in its cross-appeal, Air 7 Seas argues that the trial court's bad-faith findings reflect that denial of the motion for Rule 137 sanctions amounted to an abuse of discretion. Air 7 Seas also challenges the amount of the fee award in its cross-appeal.

¶ 75    We review the trial court's ruling on both section 10a(c) petition and Rule 137 motion for an abuse of discretion. *Lake Environmental, Inc. v. Arnold*, 2015 IL 118110, ¶ 16 (Rule 137 motion); *Kirkpatrick v. Strosberg*, 385 Ill. App. 3d 119, 139 (2008) (section 10a(c) petition). A court abuses its discretion when no reasonable person would agree with its decision. *Lake Environmental*, 2015 IL 118110, ¶ 16. As set forth below, we hold that the trial court did not abuse its discretion in granting the section 10a(c) petition, reducing the amount of the fees requested, and denying the sanctions motion.

¶ 76                              1. Section 10a(c) Petition

¶ 77    We turn first to plaintiff's challenge to the trial court's award of fees under section 10a(c). Air 7 Seas was the prevailing party, having been granted summary judgment on plaintiff's Consumer Fraud Act claim. Section 10a(c) of the Act provides in relevant part that "in any action brought by a person under this Section, the Court *** may award *** reasonable attorney's fees and costs to the prevailing party." 815 ILCS 505/10a(c) (West 2016). A "prevailing party" under

the Consumer Fraud Act encompasses both a prevailing plaintiff and a prevailing defendant. *Krautsack v. Anderson*, 223 Ill. 2d 541, 554 (2006). However, a prevailing defendant must make a threshold showing that the plaintiff acted in bad faith before the trial court may consider other circumstances relevant to the exercise of its discretion in awarding fees and costs. *Id.* at 559. Other relevant circumstances include the following nonexhaustive list of factors: (1) the degree of the opposing party's culpability or bad faith, (2) the ability of the opposing party to satisfy a fee award, (3) whether a fee award would deter others from acting under similar circumstances, (4) whether the party seeking fees sought to benefit all consumers or businesses or to resolve a significant legal question regarding the Consumer Fraud Act, and (5) the relative merits of the parties' positions. *Id.* at 554.

¶ 78    Parenthetically, we note that, in seeking fees under section 10a(c), a prevailing defendant is not limited by Rule 137, which allows sanctions, including attorney fees, for false or frivolous filings and filings made for an improper purpose. Ill. S. Ct. R. 137 (eff. Jan. 1, 2018); *Krautsack*, 223 Ill. 2d at 561-62. Rule 137 addresses the pleadings, motions, and other papers filed in the action and therefore does not provide a sanction against all asserted instances of bad-faith conduct during the litigation. *Krautsack*, 223 Ill. 2d at 562. Accordingly, the failure to demonstrate bad faith under Rule 137 is not fatal to a prevailing defendant's request for fees under the Consumer Fraud Act. *Id.*

¶ 79    Here, the trial court made a threshold finding that plaintiff exhibited bad faith in pursuing the litigation against Air 7 Seas and considered the factors for fee shifting under the Consumer Fraud Act. In doing so, the trial court noted the dispositive billing waiver form and the lack of any authority for plaintiff's theory that Air 7 Seas should have paid the invoiced charges and then pursue litigation against plaintiff to recoup the money. Moreover, the trial court noted plaintiff's

failure to present any evidence of any damages proximately caused by Air 7 Seas—a requisite element of the Consumer Fraud Act claim. The trial court concluded that plaintiff could not have proven any of the elements of a Consumer Fraud Act claim, given plaintiff's allegations and subsequent discovery. Plaintiff nonetheless proceeded in the litigation, which included briefing on summary judgment, reconsideration, and a petition to substitute the trial judge. The trial court further noted that "[t]he size of this case was less than $5[]000 when it was initially filed, but it was the plaintiff, through their amended pleadings, twice, asking for punitives in excess of $50,000 plus attorney[] fees, thus raising what's at issue here."

¶ 80    The trial court proceeded to consider the other circumstances relevant to the exercise of its discretion in awarding fees under section 10a(c), as set forth in *Krautsack*, 223 Ill. 2d at 554. Plaintiff disputes the trial court's findings based upon the same arguments raised in challenging the trial court's summary judgment ruling. We have rejected those arguments, for the reasons stated *supra*. In light of the trial court's findings, we cannot say that no reasonable person would agree with the imposition of a fee-shifting award under section 10a(c).

¶ 81    Plaintiff nevertheless contends that "allowing any amount of fee shifting" here would be "an extreme deterrent to any non-business plaintiff seeking redress under the [Consumer Fraud Act] and would encourage large corporations to wastefully litigate against these plaintiffs." He also suggests that fee shifting in favor of a company against an individual is not permissible under the Consumer Fraud Act. Plaintiff provides no supporting evidentiary basis or legal authority for his contentions, and they find no support in the plain language of the Consumer Fraud Act. Plaintiff also reiterates his argument regarding the trial court's purported bias, stating, "[e]ssentially, the Trial Judge was frustrated that the case wasn't dismissed, send to arbitration, or transferred by the prior judgment, because as he stated multiple times, he would have ruled differently." We

disregard this argument for the reasons previously discussed. In sum, the trial court did not abuse its discretion in awarding fees under section 10a(c).

¶ 82                              2. Amount of Fee Award

¶ 83    We turn to the reasonableness of the fee award and Air 7 Seas's argument that the trial court abused its discretion in awarding only $18,562.50 in fees under section 10a(c). According to Air 7 Seas, the trial court should have awarded the full amount of $60,902.77 in fees and costs requested, incurred, and paid in successfully defending the litigation.

¶ 84    The party seeking fees must submit a petition with detailed records containing facts and computations upon which charges are predicated, specifying services performed, by whom they were performed, the time expended, and the hourly rate charged. *Aliano v. Sears, Roebuck & Co.*, 2015 IL App (1st) 143367, ¶ 19. There was no dispute that Air 7 Seas provided these billing records. The question the trial court wrestled with was the reasonableness of the fees incurred. In assessing the reasonableness of fees, a trial court may consider the skill and standing of the attorney, the nature of the case, its difficulty level and work involved, the matter's importance, the degree of responsibility required, the usual and customary charges for similar work, the benefit to the client, and the connection between the fees charged and the amount involved in the litigation. *Clayton v. Planet Travel Holdings, Inc.*, 2013 IL App (4th) 120717, ¶ 25.

¶ 85    The record reflects the trial court's proper exercise of discretion in considering the foregoing factors. The trial court noted Air 7 Seas's request of over $70,000 in fees "on a $5,000 case" with over 400 hours billed and over 70 or 80 hours of legal research, the relatively straightforward nature of the case, and the fact that there had been only one deposition taken and minimal written discovery. Ultimately, the trial court discounted the amount of fees requested in awarding Air 7 Seas $18,562.50. In detailing the basis for the award, the trial court stated: "I'm

going to award 25 hours of legal research at $165 an hour, 20 hours for drafting and arguing the response to the motion to reconsider, 20 hours for drafting and arguing the fee petition, 25 hours for the discovery, the deposition that occurred in the course of this trial, including preparation for and travel to, all that, and then 1.5 hours for each of the 15 court appearances that counsel definitely [was] made aware of. All those are at $165 an hour."

¶ 86    Air 7 Seas argues that the trial court failed to "provide reasons to support each reduction for all the separate tasks making up the remaining $42,340.27 requested." See *McHenry Savings Bank v. Autoworks of Wauconda, Inc.*, 399 Ill. App. 3d 104, 113 (2010) ("When a trial court reduces the amount of fees requested in a fee petition, it should include in its ruling the reasons supporting each reduction."). Nevertheless, "a line-by-line finding of reasonableness (or unreasonableness) by the trial court" is not required (see *In re Marriage of Kane*, 2016 IL App (2d) 150744, ¶ 31), and the question of "[w]hether and in what amount a trial court will award attorney fees is a matter committed to the trial court's sound discretion" (see *McHenry Savings Bank*, 399 Ill. App. 3d at 113). The record demonstrates that the trial court set forth the justification for the reduction in fees, noting that the hours expended and research performed was disproportionate to the nature of the case and the amount of money involved in the litigation.

¶ 87    Moreover, the trial court properly based the fee award on its familiarity with the case and its own knowledge and experience. Indeed, it is well established that a trial court may use its own knowledge and experience in assessing the time required to complete certain activities, and the trial court's determination as to the reasonableness of the number of hours expended by counsel is entitled to deference given its familiarity with the case. *Demitro v. General Motors Acceptance Corp.*, 388 Ill. App. 3d 15, 24 (2009). Accordingly, we cannot say that the fee award was an abuse of discretion.

¶ 88                                    3. Rule 137 Motion

¶ 89     As a final matter, we address Air 7 Seas's challenge to the trial court's denial of its sanctions motion. According to Air 7 Seas, the record demonstrated that plaintiff and his counsel knowingly filed and pursued false and frivolous claims, given their possession of the dispositive billing waiver form, knowledge that Air 7 Seas neither possessed plaintiff's goods nor placed a lien on the goods, and knowledge that plaintiff never paid any of the charges imposed by Worldstar, CaroTrans, or St. George Warehouse. Air 7 Seas contends there was no reasoned basis to deny sanctions under Rule 137 given the trial court's findings with respect to the section 10a(c) petition. We disagree.

¶ 90     As noted, consideration of sanctions under Rule 137 and a fee award under section 10a(c) involve distinct standards, and the failure to demonstrate bad faith under Rule 137 is not fatal to a prevailing defendant's request for fees under the Consumer Fraud Act. *Krautsack*, 223 Ill. 2d at 561-62. The purpose of Rule 137 is to prevent abuse of the judicial process by sanctioning those who file vexatious and harassing actions based on unsupported allegations of fact or law. *Dismuke v. Rand Cook Auto Sales, Inc.,* 378 Ill. App. 3d 214, 217 (2007). The rule is penal in nature and, therefore, must be strictly construed, reserving sanctions for the most egregious cases. *Patton v. Lee*, 406 Ill. App. 3d 195, 202 (2010).

¶ 91     In denying the request for sanctions under Rule 137, the trial court noted plaintiff's reliance upon "the one CaroTrans document" regarding the source of payment for the customs-related examination charges to support its allegations throughout the litigation, although, ultimately, there was no genuine issue of material fact regarding the lack of Air 7 Seas's obligation to have paid the bill. Having presided over the lengthy litigation, the trial court found that sanctions were not warranted under the circumstances of the case. We cannot say that no reasonable person would

disagree. The record demonstrates that plaintiff pursued a multitude of allegations and legal theories to support the consumer fraud claim. In addition to arguing the deceptive nature of Air 7 Seas's correspondence, plaintiff parsed the various charges that Air 7 Seas forwarded to plaintiff and ultimately attempted to prove the deceptive and unfair nature of the charges. While plaintiff was ultimately unsuccessful in its claim, we remain cognizant that Rule 137 must be strictly construed with sanctions reserved for the most egregious cases. See *id.* at 202. To accept Air 7 Seas's argument on appeal that the trial court's findings with respect to plaintiff's bad faith under section 10a(c) supported imposition of sanctions under Rule 137 would disregard the penal nature of Rule 137 and its distinction from fee shifting to a prevailing party under section 10a(c). Based upon our review of the record, the trial court did not abuse its discretion in determining that Air 7 Seas failed to meet its burden of demonstrating that Rule 137 sanctions were warranted. We note that, in a one-sentence argument, Air 7 Seas requests that we impose sanctions under Illinois Supreme Court Rule 375 (eff. Feb. 1, 1994) for its fees and costs incurred on appeal. For the reasons set forth herein, we decline the request.

¶ 92                                  III. CONCLUSION

¶ 93     For the reasons stated, we affirm the judgment of the circuit court of Du Page County.

¶ 94     Affirmed.