THIRD DIVISION
DECEMBER 26, 2007

1-06-3000

| | | |
|---|---|---|
| FLOYD DISMUKE, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 05 CH 16842 |
| | ) | |
| RAND COOK AUTO SALES, INC., and RICHARD D. | ) | |
| GROSSMAN, | ) | Honorable |
| | ) | Dorothy Kinnaird, |
| Defendant-Appellant. | ) | Judge Presiding. |

JUSTICE CUNNINGHAM delivered the opinion of the court:

The plaintiff, Floyd Dismuke, filed a lawsuit in the circuit court of Cook County against the defendants, Rand Cook Auto Sales, Inc. (Rand Cook), and Richard D. Grossman (Grossman), an attorney. The plaintiff filed suit for declaratory judgment and specific performance to transfer title to plaintiff for a motor vehicle purchased from Rand Cook. The plaintiff also sued for breach of contract and sought to pierce the corporate veil of Rand Cook to hold Grossman personally liable. Grossman subsequently moved the court to dismiss the action against him in his individual capacity pursuant to section 2-619 of the Code of Civil Procedure (735 ILCS 5/2-619 (West 2004)) (the Code). He also moved to impose sanctions on the plaintiff pursuant to Supreme Court Rule 137 (155 Ill. 2d R. 137) for filing suit to hold him personally liable for the debts and obligations of Rand Cook. The court dismissed the lawsuit against Grossman, but denied his motion for sanctions against the plaintiff. Grossman appeals from the order of the circuit court denying his motion to sanction the plaintiff. We affirm the order of the circuit court of Cook County for the reasons that follow.

## BACKGROUND

In September 2004, the plaintiff purchased a vehicle from Rand Cook. The plaintiff alleges that the vehicle's title was never properly transferred to him from Rand Cook. Rand Cook was involuntarily dissolved in April 2005. On October 3, 2005, the plaintiff filed a lawsuit in the circuit court of Cook County. The plaintiff alleged that Rand Cook failed to properly transfer title and requested that the court enter an order of specific performance to require Rand Cook to transfer the vehicle's title. The plaintiff also alleged that Grossman was the alter ego of Rand Cook and should be ordered to arrange the transfer of title and pay the plaintiff's resulting damages.

Grossman subsequently filed a motion to dismiss pursuant to section 2-619 of the Code and also sought sanctions against the plaintiff pursuant to Supreme Court Rule 137 (155 Ill. 2d R. 137) (Rule 137). Grossman argued that Illinois law does not support the plaintiff's claims against him in his individual capacity as the incorporator of Rand Cook. Grossman alleged that his sole involvement with Rand Cook was as the incorporator of the business. Apart from this role, Grossman averred that he had no other involvement in the development, management, or business transactions of the corporation. Grossman contended that no Illinois law supports a lawsuit against an incorporator with no other involvement in the corporation. He alleged that the plaintiff pursued the lawsuit against him because Rand Cook was involuntarily dissolved and probably does not have any collectible assets. Grossman argued that Rule 137 sanctions were warranted because the plaintiff opted to pursue the lawsuit against him after receiving a full understanding of the facts through the discovery process. He claimed that his affidavit, interrogatory answers, and the business records of Rand Cook yield no evidence of his involvement in Rand Cook other than as incorporator. Therefore, Rule 137 sanctions

2

were appropriate.

The trial court granted Grossman's motion to dismiss but did not impose Rule 137 sanctions against the plaintiff. The court examined Grossman's affidavit, interrogatory answers and Rand Cook's business records filed with the state, including the articles of incorporation. At the hearing on the motion to dismiss, the plaintiff argued that several cases in Illinois, including Bigelow v. Gregory, 73 Ill. 197 (1874), and Robbins v. Butler, 24 Ill. 387 (1860), allow an incorporator to be held responsible for the actions of the corporation. The trial court held that under Illinois caselaw, an incorporator with no other interest or position in the corporation cannot be held liable for the actions of the corporation. The court held that it would not levy sanctions against the plaintiff. The court explained that the decision to levy sanctions was a "close call" but gave the plaintiff the "benefit of the doubt" on having misinterpreted the law.

ANALYSIS

Jurisdiction is proper pursuant to Supreme Court Rule 301 (155 Ill. 2d R. 301). Grossman argues that the court abused its discretion by not imposing Rule 137 sanctions on the plaintiff for attempting to pierce the corporate veil of Rand Cook and hold him personally liable for its actions. He contends that under Illinois law, an incorporator without any other involvement in the business is not the alter ego of the corporation and, therefore, cannot be held liable for the actions of the corporation. Import Sales, Inc. v. Continental Bearings Corp., 217 Ill. App. 3d 893, 904, 577 N.E.2d 1205, 1212 (1991). Grossman claims that a reasonable inquiry into the corporate records of Rand Cook demonstrates that he was merely the incorporator of the company and that he had no other interest in the corporation. Therefore, Grossman argues that under Rule 137, the plaintiff should be

3

sanctioned for bringing vexatious and harassing litigation.

Supreme Court Rule 137 states in pertinent part:

> "The signature of an attorney or party constitutes a certificate by him
> that he has read the pleading, motion or other paper; that to the best
> of his knowledge, information, and belief formed after reasonable
> inquiry it is well grounded in fact and is warranted by existing law or
> a good-faith argument for the extension, modification, or reversal of
> existing law, and that it is not interposed for any improper purpose,
> such as to harass or to cause unnecessary delay or needless increase
> in the cost of litigation. *** If a pleading, motion, or other paper is
> signed in violation of this rule, the court, upon motion or upon its own
> initiative, may impose upon the person who signed it, a represented
> party, or both, an appropriate sanction, which may include an order to
> pay to the other party or parties the amount of reasonable expenses
> incurred because of the filing of the pleading, motion or other paper,
> including a reasonable attorney fee." 155 Ill. 2d R. 137.

The purpose of Rule 137 is to prevent parties from abusing the judicial process by imposing sanctions on litigants who file vexatious and harassing actions based upon unsupported allegations of fact or law. Burrows v. Pick, 306 Ill. App. 3d 1048, 1050, 715 N.E.2d 792, 794 (1999). The party seeking to have sanctions imposed by the court must demonstrate that the opposing litigant made untrue and false allegations without reasonable cause. Burrows, 306 Ill. App. 3d at 1050-51,

715 N.E.2d at 794. Rule 137 will be strictly construed because it is penal in nature. Dowd & Dowd, Ltd. v. Gleason, 181 Ill. 2d 460, 487, 693 N.E.2d 358, 372 (1998). Using an objective standard, the trial court must determine whether a party made a reasonable inquiry into the facts and law supporting their allegations to meet the burden of Rule 137. Burrows, 306 Ill. App. 3d at 1051, 715 N.E.2d at 794.

On review, we must decide whether the trial court's decision was "informed, based on valid reasons, and followed logically from the circumstances of the case." Burrows, 306 Ill. App. 3d at 1051, 715 N.E.2d at 794. A ruling on Rule 137 sanctions should not be overturned unless the trial court has abused its discretion. Dowd & Dowd, 181 Ill. 2d at 487, 693 N.E.2d at 372.

In this case, the plaintiff attempted to pierce the corporate veil of Rand Cook to hold Grossman liable in his individual capacity for the alleged damages resulting from a sales transaction between the plaintiff and Rand Cook. Grossman argues that Rule 137 sanctions are proper because he was only the incorporator of Rand Cook and under Illinois law, an incorporator without involvement in the corporation may not be held liable for the actions of the company.

Grossman argues that an incorporator, without any interest or involvement in the corporation after its formation, is not the "alter ego" of the company and therefore cannot be held liable for the actions of the corporation. "Under Illinois law, a corporation is a legal entity that exists separate and distinct from its shareholders, officers and directors." Macaluso v. Jenkins, 95 Ill. App. 3d 461, 464, 420 N.E.2d 251, 254 (1981). Generally, corporate officers and directors are not individually liable for the debts and obligations of the company. Macaluso, 95 Ill. App. 3d at 464, 420 N.E.2d at 254. However, the officers and directors may be held liable for the debts of the corporation "when the

corporation is merely the alter ego or business conduit of a governing or a dominating personality." Macaluso, 95 Ill. App. 3d at 464, 420 N.E.2d at 254.

Upon examining the record, we find that Grossman's sole role in the corporation was as the incorporator. There is no evidence that he was involved in managing the business or possessed any interest in Rand Cook after December 16, 2003, when the business was incorporated. However, we also find that the plaintiff could have concluded that Grossman was sufficiently involved in the corporation so that including him in the lawsuit was not unreasonable. Rand Cook had a conspicuous lack of records in compliance with Illinois statutory requirements and an unfiled document purporting to *assign* all of Grossman's interest in Rand Cook to one Mary Hoefler.

As the incorporator of Rand Cook, Grossman had an obligation under the Business Corporation Act of 1983 (805 ILCS 5/1.01 *et seq.* (West 2004)) to name the initial directors of the corporation. Section 2.20 of the Business Corporation Act states:

> "Organization of Corporation. (a) If there are no preincorporation subscribers and if initial directors are not named in the articles of incorporation, a meeting of the incorporators shall be held at the call of a majority of the incorporators for the purpose of naming the initial directors." 805 ILCS 5/2.20(a) (West 2004).

Grossman admits in his interrogatory answers that he has no definite knowledge of any intended directors of the corporation. Thus, it appears that he failed to fulfill a technical obligation under the Business Incorporation Act. No records have been filed with the State of Illinois naming any corporate officers, directors, or agents of Rand Cook other than Richard Grossman as the initial

registered agent and incorporator. Neither the articles of incorporation nor the corporation file "detail report" lists another agent or officer for Rand Cook. It was therefore not unreasonable for the plaintiff to believe that Grossman had an interest in the corporation or managed the corporation because no other officers, directors, or agents were recorded for the company.

Nevertheless, the facts of this case do not support the plaintiff's theory of piercing the corporate veil of Rand Cook and holding Grossman personally liable for the company's debts and obligations. Piercing the corporate veil is intended to allow aggrieved plaintiffs to reach behind the facade of the corporation to attach liability to the person or persons who are really carrying out the material corporate activity. In this case, the record is clear that while Grossman was the incorporator and later failed to comply with certain technical requirements on behalf of the corporation, that does not make him its alter ego. However, in light of the facts surrounding the incorporation, we cannot say that the trial court abused its discretion in finding that the plaintiff made a reasonable inquiry into the facts and a good faith argument, not interposed for an improper purpose, such as to harass. Therefore, we find that the trial court did not abuse its discretion by denying Grossman's motion to impose Rule 137 sanctions on the plaintiff for filing suit against Grossman in his individual capacity.

Accordingly, we affirm the judgment of the circuit court of Cook County.

Affirmed.

QUINN, P.J., and THEIS, J., concur.