2020 IL App (2d) 190013
Nos. 2-19-0013 & 2-19-0018 cons.
Opinion filed May 29, 2020

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT
_____

| | | |
|---|---|---|
| JOHN R. ZEMATER JR., | ) | Appeal from the Circuit Courts |
| | ) | of De Kalb and Kendall Counties. |
| | ) | |
| Plaintiff-Appellant, | ) | Nos. 17-L-72 |
| v. | ) | 18-CH-139 |
| | ) | |
| | ) | Honorable |
| THE VILLAGE OF WATERMAN, | ) | William P. Brady and |
| | ) | Melissa S. Barnhart, |
| Defendant-Appellee. | ) | Judges, Presiding. |

_____

JUSTICE McLAREN delivered the judgment of the court, with opinion.
Justices Jorgensen and Brennan concurred in the judgment and opinion.

**OPINION**

¶ 1 Plaintiff, John R. Zemater Jr., filed separate appeals from orders entered in his *pro se* actions against defendant, the Village of Waterman (Village). In plaintiff's De Kalb County case (appeal No. 2-19-0013), the trial court barred plaintiff from communicating directly with defendant rather than defendant's counsel. In his Kendall County case (appeal No. 2-19-0018), the court found plaintiff to be in indirect civil contempt for his noncompliance with a nearly identical order. Plaintiff also appeals from the Kendall County circuit court's order of a monetary sanction. For the reasons that follow, we affirm.

¶ 2                                  I. BACKGROUND

¶ 3 After receiving a speeding ticket issued by defendant's police department, plaintiff filed, *inter alia*, an action for malicious prosecution (appeal No. 2-19-0018) and an action to "punish" defendant for "failure to comply with the Illinois Freedom of Information Act (FOIA) [(5 ILCS 140/1 (West 2018))] by not providing a timely response" to his request for material purportedly related to his defense of the speeding ticket (appeal No. 2-19-0013).

¶ 4                                        A. Appeal No. 2-19-0018

¶ 5 Plaintiff filed his action against defendant for malicious prosecution on October 16, 2017. After filing the action, plaintiff sent an e-mail to the Village's president and board members discussing recent settlement negotiations and threatening an appeal. Plaintiff also stated in the e- mail that he was a *pro se* plaintiff, "which means that I do not have an [a]ttorney and because of that I can talk to you directly." Counsel for the Village, Bill Porter, wrote plaintiff, advising that he should direct communications in the matter to him. Defendant also requested the court to enter an order requiring plaintiff to communicate only with defense counsel regarding issues in this case. The court entered the requested order on June 21, 2018.

¶ 6 The next day, plaintiff wrote directly to the Village's president regarding his FOIA request and stating that he would abide by defendant's "cease and desist" letter and the court's order. On June 24 plaintiff wrote to Porter, stating, *inter alia* that Porter was "not doing his job" as the Village's attorney.

¶ 7   On June 26, 2018, defendant filed a petition for rule to show cause why plaintiff should   not be held in contempt for his failure to comply with the June 21, 2018, order. On June 30, plaintiff again wrote an e-mail directly to the Village's president in which he stated, "I can't be held in [c]ontempt of [c]ourt for a FOIA request!"  He further instructed the president that if Porter

did not withdraw the motion for rule to show cause, he would file a lawsuit against the Village for trying to "bully" and "intimidate" him into not filing a FOIA request.

¶ 8 On September 26, 2018, following a hearing on the rule to show cause, the trial court found plaintiff in contempt of the June 21, 2018, order, and on October 11, 2018, defendant petitioned for an adjudication of indirect civil contempt for attorney fees and costs. The court awarded defendant $2131.16. Pursuant to plaintiff's motion for reconsideration, the court reduced the award to $2031.16.

¶ 9                              B. Appeal No. 2-19-0013

¶ 10 Preliminarily, we note that plaintiff's "statement of facts" is deficient. See Ill. S. Ct. R. 341(h)(6) (eff. May 25, 2018) (the appellant's statement of facts "shall contain the facts necessary to an understanding of the case"). Plaintiff's statement consists of one, nonconforming sentence. However, because his Rule 341(h)(6) violation does not hinder our review, we choose not to strike plaintiff's statement of facts nor dismiss the appeal. *Szczesniak v. CJC Auto Parts, Inc.*, 2014 IL App (2d) 130636, ¶ 8.

¶ 11 Plaintiff filed his action to "punish" defendant for its untimely response to his FOIA request on June 8, 2018. After filing the action, plaintiff sent e-mails to the Village's president and its trustees proposing and revoking a settlement offer and threatening litigation. Despite receiving a letter from defendant to cease and desist direct communications with defendant and to address all communications regarding this matter to Porter, plaintiff persisted in communicating directly with defendant and its trustees regarding the litigation, sending an e-mail criticizing and insulting the recipients, as well as Porter.

¶ 12 Defendant filed a motion asking the trial court to order plaintiff to contact only defendant's attorney when plaintiff wished to communicate with defendant about the litigation. Defendant

asserted that the order should be entered pursuant to the circuit court's inherent authority to control its own docket and to promote fairness and a confidential relationship between defendant and its attorney. Plaintiff then sent another e-mail directly to the Village's president and trustees threatening further litigation if such an order were issued.

¶ 13 On December 3, 2018, the trial court entered an order prohibiting any communications between plaintiff and defendant's representatives and ordering plaintiff to direct communications "regarding this particular case" to defendant's counsel. In response to plaintiff's concern about his right to speak to defendant's representatives at open meetings, the court stated that plaintiff's right to participate in public meetings, including to make public comment, was controlled by defendant's rules for conducting its meetings.

¶ 14 In appeal No. 2-19-0018, the propriety of the June 21, 2018, order, requiring plaintiff to communicate only with defense counsel regarding issues in this case, is central to plaintiff's appeal of the order finding him in indirect civil contempt for failure to comply with the order. See *Petrillo v. Syntex Laboratories, Inc.*, 148 Ill. App. 3d 581, 586 (1986) (an appeal from the trial court's imposition of contempt and a fine on attorney for disobeying its order presents for review the issue of the propriety of the court's order (citing *People ex rel. Scott v. Silverstein*, 87 Ill. 2d 167, 174 (1981)). In appeal No. 2-19-0013, the propriety of the December 3, 2018, order, which is essentially identical to the June 21, 2018, order, is the only issue plaintiff raises. Accordingly, we consolidated the two appeals for dispositional purposes.

¶ 15                                   II. ANALYSIS

¶ 16            A. Orders Requiring Plaintiff to Communicate with Defense Counsel

¶ 17 Pursuant to article VI, section 1, of the Illinois Constitution (Ill. Const. 1970, art. VI, § 1), which vests judicial power in the judiciary, trial courts have the inherent authority to control the

course of litigation (*J.S.A. v. M.H.*, 224 Ill. 2d 182, 196 (2007)), including making and enforcing rules governing procedural matters. 735 ILCS 5/1-104 (West 2016); 23rd Judicial Cir. Ct. Rs. 1.0, 1.05 (Jan. 31, 2017). We review for an abuse of discretion the trial court's orders in these consolidated appeals. See *Bush v. Catholic Diocese of Peoria*, 351 Ill. App. 3d 588, 590 (2004) (reviewing trial court's decision to issue a protective order). A trial court abuses its discretion only when its decision is arbitrary, fanciful, or unreasonable or where no reasonable person would take its view. *BNSF Ry. Co. v. Grohne*, 2019 IL App (3d) 180063, ¶ 42.

¶ 18 Plaintiff argues that the trial court's orders of June 21, 2018, and December 3, 2018, are invalid because Illinois Rule of Professional Conduct 4.2, which addresses communication during litigation, does not apply to a *pro se* litigant. Rule 4.2 states,

> "In representing a client, a lawyer shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized to do so by law or a court order." Ill. R. Prof'l Conduct (2010) R. 4.2 (eff. Jan.1, 2010).

¶ 19 Although Rule 4.2 references the conduct of a "lawyer," we note that the rule's title, "Communication with Person Represented by Counsel," suggests that the focus of the rule is less the status of the party doing the communicating than the status of the person with whom the party is trying to communicate. In any event, it is axiomatic that *pro se* litigants "must comply with the same rules and are held to the same standards as licensed attorneys." (Internal quotation marks omitted.) *Holzrichter v. Yorath*, 2013 IL App (1st) 110287, ¶ 78 (the rules must be complied with by "parties choosing to represent themselves without a lawyer"). Plaintiff, a party who chooses to represent himself, is therefore subject to Rule 4.2.

¶ 20 To support his argument that—Rule 4.2 rule does not apply to a *pro se* litigant—plaintiff cites *In re Segall*, 117 Ill. 2d 1 (1987), a case that does not mention *pro se* representation but holds that a lawyer who chooses to represent himself in litigation must comply with the rule. *Id.* at 6 (Rule 4.2 "is designed to protect litigants represented by counsel from direct contacts by opposing counsel"). The *Segall* court reasoned: "[a] party, having employed counsel to act as an intermediary between himself and opposing counsel, does not lose the protection of the rule merely because opposing counsel is also a party to the litigation." *Id.* Similarly, a party represented by counsel does not lose this protection simply because the opposing party has chosen to represent himself.

¶ 21 Here, given the persistence and hostility of plaintiff's direct communication with defendant and plaintiff's misapprehension of the law, the trial court had a reasonable basis for enforcing the protection of Rule 4.2. See Ill. S. Ct. R. 201(c)(1) (eff. July 1, 2014) (providing for protective orders to prevent abuse during discovery). Protecting defendant under these circumstances also furthered public policy regarding the confidential and fiduciary nature of the attorney-client relationship. If the physician-patient relationship can be thwarted by circumventing he opposing party's attorney, it would appear the attorney-client relationship would be similarly circumvented by a party communicating with an opposing party directly, over that party's objection—especially when the opposing party requests and procures an order proscribing such activity. *Cf. Petrillo v. Syntex Laboratories, Inc.*, 148 Ill. App. 3d 581, 587-88 (1986) (prohibiting defendants and their attorneys from engaging in *ex parte* discussions with the injured plaintiff's treating physicians where "public policy strongly favors the confidential and fiduciary relationship existing between a patient and his physician").

¶ 22 Finally, in appeal No. 2-19-0013, plaintiff appeals the trial court's order under Illinois Supreme Court Rule 307(a)(1) (eff. Nov. 1, 2017), contending that the order is an injunction or "gag order" and, therefore, subject to interlocutory appeal as of right. Even if the court's order were considered an injunction, the court had a reasonable basis for enjoining plaintiff's harassing contacts with defendant. However, the order is not an injunction. In requiring plaintiff to contact only defendant's attorney and not defendant regarding this lawsuit, the court exercised its inherent authority consistent with Illinois's constitution, supreme court rules relating to noncommunication, and public policy. The order is procedural and deprives plaintiff of no legal right, such as the rights to make a FOIA request or participate in the Village's public meetings. Our jurisdiction over this appeal derives solely from the final judgment entered by the trial court on May 29, 2019, which dismissed the case with prejudice, and its subsequent denial of plaintiff's motions to reconsider and for leave to file a second-amended complaint.

¶ 23                                    B. Contempt and Monetary Sanction

¶ 24 Plaintiff first contends that the order directing him to communicate only with defendant's counsel was improperly entered. As explained above, we reject this argument. Plaintiff's second and third contentions are that the court improperly found him in indirect civil contempt for failing to follow the court's order and improperly entered a monetary sanction of $2031.16.

¶ 25 Article II, part E, of the Illinois Supreme Court rules addresses pretrial procedure in civil cases in the trial court. Illinois Supreme Court Rule 201(c)(1) (eff. July 1, 2014), provides:

"(c) Prevention of Abuse.

(1) Protective Orders. The court may at any time on its own initiative, or on motion of any party or witness, make a protective order as justice requires, denying, limiting,

conditioning, or regulating discovery to prevent unreasonable annoyance, expense, embarrassment, disadvantage, or oppression."

Illinois Supreme Court Rule 219(c) (eff. July 2, 2001) provides, *inter alia*:

"[T]he court, upon motion or upon its own initiative, may impose upon the offending party or his or her attorney, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of reasonable expenses incurred as a result of the misconduct, including a reasonable attorney fee, and when the misconduct is willful, a monetary penalty. When appropriate, the court may, by contempt proceedings, compel obedience by any party *** to any ***order entered under these rules."

¶ 26 "Reversal of a trial court's decision to impose a particular sanction is only justified when the record establishes a clear abuse of discretion." *Sander v. Dow Chemical Co.*, 166 Ill. 2d 48, 67 (1995). "A party's noncompliance is 'unreasonable' where there has been a deliberate and pronounced disregard for a discovery rule." *H&H Sand & Gravel Haulers Co. v. Coyne Cylinder Co.*, 260 Ill. App. 3d 235, 242 (1992). Once a court has imposed a sanction, "the sanctioned party has the burden of establishing that the noncompliance was reasonable or justified by extenuating circumstances." *In re Estate of Andernovics*, 311 Ill. App. 3d 741, 746 (2000).

¶ 27 Here, plaintiff's noncompliance was unreasonable due to his deliberate and pronounced disregard for the pretrial rule. The trial court entered the order requiring plaintiff to communicate only with defense counsel regarding this matter on June 21, 2018. The next day, June 22, plaintiff wrote directly to defendant stating he would abide with defendant's "cease and desist" letter and the court's order but would still pursue his FOIA request. On June 30, after defendant filed a motion for a rule to show cause why he should not be held in contempt, plaintiff again wrote directly to defendant stating, "I can't be held in [c]ontempt of [c]ourt for a FOIA request!" He

threatened defendant that, if defendant's counsel did not withdraw the motion for a rule to show cause, he would file a lawsuit against defendant for trying to "bully" and "intimidate" him into not filing a FOIA request. Thus, plaintiff improperly communicated directly with defendant twice within nine days of the court's order barring him from doing so.

¶ 28 Plaintiff contends that the June 22 communication "purged" him of any contempt because he stated he would abide by the court's order; therefore, the court's contempt sanction was entered not to coerce his compliance with the order but solely to punish him for past misconduct. See *First Midwest Bank/Danville v. Hoagland*, 244 Ill. App. 3d 596, 611-12 (1993) (distinguishing civil contempt sanctions, such as plaintiff's, from criminal contempt sanctions). We disagree.

¶ 29 If plaintiff intended to abide by the court's order, he would have directed his communication on June 22 to defendant's counsel, not defendant. His June 30 direct communication with defendant in response to the motion for rule to show cause further indicates no intent to abide by the order. In that e-mail, plaintiff warned that he would sue defendant if the motion for a rule to show cause was not withdrawn. The trial court characterized the June 30 communication as "threatening." The purpose of the contempt sanction was clearly to ensure plaintiff's present and future compliance with the order, not to punish him for past conduct. The contempt finding was not an abuse of discretion.

¶ 30 Nor was the monetary sanction an abuse of the court's discretion. Following a hearing on defendant's affidavit of the costs and fees incurred adjudicating the indirect civil contempt hearing, the court found an award of $2031.16 to be reasonable and customary. Plaintiff's only argument on appeal that the award is excessive is a single sentence asserting that defendant "did not need to spend more than $753.08," with citations of several pages of his motion to reconsider. See *Express Valet, Inc. v. City of Chicago*, 373 Ill. App. 3d 838, 855 (2007) ("A reviewing court is entitled to

have the issues on appeal clearly defined with pertinent authority cited and a cohesive legal argument presented. The appellate court is not a depository in which the appellant may dump the burden of argument and research." (Internal quotation marks omitted.)).

¶ 31                                    III. CONCLUSION

¶ 32   For the reasons stated, we affirm the judgments of the circuit courts of De Kalb and Kendall Counties.

¶ 33 Affirmed.

**No. 2-19-0013**

| | |
|---|---|
| **Cite as:** | *Zemater v. Village of Waterman*, 2020 IL App (2d) 190013 |
| **Decision Under Review:** | Appeal from the Circuit Court of Kendall County, No. 17-L-72; the Hon. Melissa S. Barnhart, Judge, presiding; and the Circuit Court of De Kalb County, No. 18-CH-139; the Hon. William P. Brady, Judge, presiding. |
| **Attorneys for Appellant:** | John R. Zemater Jr., of Aurora, appellant *pro se*. |
| **Attorneys for Appellee:** | Bill Porter and Rita Louise Lowery Gitchell, of Chilton Yambert Porter LLP, of Geneva, for appellee. |