**NOTICE**

Decision filed 06/12/24. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2024 IL App (5th) 230198-U

NO. 5-23-0198

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

**NOTICE**

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| EDWARD V. CALLICO and VINCENT G. CALLICO, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiffs-Appellants and Cross-Appellees, | ) | Clinton County. |
| | ) | |
| and | ) | |
| | ) | |
| LEA ANN CALLICO, DEJIAH M. CALLICO, JOHN E. CALLICO, and HALIE A. CALLICO, | ) | |
| | ) | |
| Plaintiffs-Appellants, | ) | |
| | ) | |
| v. | ) | No. 20-L-30 |
| | ) | |
| MELVIN N. CALLICO and NICHOLAS E. CALLICO, | ) | |
| | ) | |
| Defendants-Appellees. | ) | |
| | ) | |
| and | ) | |
| | ) | |
| MARGARET A. CALLICO, | ) | Honorable |
| | ) | Stanley M. Brandmeyer, |
| Defendant-Appellee and Cross-Appellant. | ) | Judge, presiding. |

JUSTICE BARBERIS delivered the judgment of the court.
Justices Moore and Boie concurred in the judgment.

**ORDER**

¶ 1 *Held*: Plaintiffs' failure to comply with requirements set forth in Illinois Supreme Court Rule 341 requires dismissal of the appeal. We affirm the order of the circuit court denying defendants' motions for Rule 137 sanctions and for attorney fees pursuant to Rule 138(f)(2).

1

¶ 2    The instant appeal arises from proceedings related to the estate of Vincent N. Callico between plaintiffs, Edward V. Callico and Vincent G. Callico (plaintiffs),[1] and defendants, Melvin N. Callico, Nicholas E. Callico, and Margaret A. Callico (defendants). Following lengthy litigation, the circuit court entered orders granting defendants' motion for summary judgment but denying defendants' motions for Illinois Supreme Court Rule 137 (eff. Jan. 1, 2018) sanctions and attorney fees pursuant to Illinois Supreme Court Rule 138(f)(2) (eff. Jan. 1, 2018). Plaintiffs appeal, arguing the court erred by granting summary judgment in favor of defendants when discovery was incomplete and genuine issues of material fact existed, including the fact that defendants' attorney failed to disclose to the court that Melvin N. Callico, a named defendant, died in January 2022. For reasons that follow, we dismiss plaintiffs' appeal.

¶ 3    Defendant Margaret filed a cross-appeal, arguing that the circuit court erred in ruling that Illinois Supreme Court Rule 138(f)(2) (eff. Jan. 1, 2018) requires an intentional violation of the rule for a court to order attorney fees. Margaret also argues that the court abused its discretion by not awarding defendants attorney fees, pursuant to Rule 138(f)(2), and denying defendants' motion for sanctions, pursuant to Rule 137. For the reasons that follow, we affirm.

¶ 4                                I. Background

¶ 5    Given the litigation history between the parties and plaintiffs' lack of clarity of the pertinent facts of the history of the case, we limit our recitation to those facts relevant to our disposition of this appeal.

¶ 6    On October 7, 2020, plaintiffs filed a six-count *pro se* complaint against defendants alleging conversion, fraudulent deceit, fraudulent and intentional misrepresentation, breach of fiduciary duty, negligence, and intentional tortious interference with inheritance concerning the

---

[1]Lea Ann Callico is Edward's wife. Dejiah M., John E., and Halie A. are Edward and Lea Ann's children.

estate of Vincent N. Callico, decedent, who died on April 16, 2019. Over the next year, the parties engaged in multiple status hearings, exchanged discovery, filed countless motions, and continued the case multiple times.

¶ 7    On June 22, 2021, defendants Melvin and Margaret, represented by counsel, filed a motion for redaction and confidential filing pursuant to Rule 138(f)(2), arguing that plaintiffs Edward and Lea Ann disclosed confidential personal identity information, including the social security numbers of various parties. Counsel prepared and attached copies of redacted versions of the documents containing confidential information. Defendants Melvin and Margaret claimed that plaintiffs Edward and Lea Ann "personally prepared the documents containing the personal identity information, and the inclusion of this information was not merely an oversight." Defendants Melvin and Margaret requested that the circuit court allow the motion for redaction, impound and replace the record with the redacted versions, and order plaintiffs Edward and Lea Ann to pay defendants' counsel a total of $2260 for redacting the filings.

¶ 8    On June 23, 2021, plaintiffs Edward, Lee Ann, and Vincent G. filed a *pro se* response to defendants' motion for redaction and confidential filing pursuant to Rule 138(f)(2). Plaintiffs argued that the disclosure of personal identity information on documents and exhibits "was purely an error and oversight and in no way was done in a willful manner." Plaintiffs provided the definition of "[w]illful" as "an intentional disregard of good and prudent standards of performance or proper conduct with knowledge that it is likely to result in any injury to any person or persons or loss or damage to property." Plaintiffs further asserted that many of the subpoenaed documents, exhibits, and three-day notices were filed and marked as " 'Confidential.' " Thus, plaintiffs contended that the inclusion of personal identity information "was merely an oversight that [all documents] were not *** filed with a confidential marking."

¶ 9    On June 24, 2021, the circuit court's docket entry contained in the common law record on appeal indicated that the court examined defendants' motion for redaction and plaintiffs' response and subsequently ordered the documents containing personal identity information impounded and redacted. The court reserved the issues of attorney fees and other relief sought by defendants' motion.

¶ 10    On June 25, 2021, defendants filed a motion for sanctions pursuant to Rule 137, arguing that plaintiffs utilized the discovery process to harass defendants, while failing to conduct reasonable inquiry and filing pleadings not well grounded in law or fact. Defendants claimed that plaintiffs' 97-paragraph complaint essentially amounted to "a form letter with no real content," which resulted in significant legal fees and "pointless and abusive discovery." Moreover, defendants argued that plaintiffs' complaint was filed by the wrong parties against the wrong parties and stated irrelevant facts and legal conclusions to support claims based on inapplicable and incomprehensible legal theories.

¶ 11    On November 2, 2021, defendants filed a motion for summary judgment. Defendants argued that plaintiffs' complaint lacked specific details to make their legal claims comprehensible. Defendants asserted seven defenses against plaintiffs' complaint, including that defendants (1) did not convert plaintiffs' property; (2) did not commit fraudulent deceit or fraud and intentional misrepresentation; (3) did not breach any fiduciary duty to plaintiffs; (4) were not negligent; and (5) did not intentionally or tortiously interfere with plaintiffs' expectation of inheritance. Defendants also asserted that plaintiffs' claims were frivolous and unreasonably delayed under the doctrine of laches, where plaintiffs' claims should have been raised during the prior guardianship proceedings.

¶ 12    On January 13, 2022, the circuit court held a hearing on defendants' motion for redaction

and confidential filing pursuant to Rule 138(f)(2) and Rule 137 motion for sanctions. Specific to Rule 138, counsel for defendants argued that he "had to go through 147 documents in the court's file to find 41 documents that contained the social security numbers" of defendants and decedent. Counsel proceeded to state:

"Now, I had never done a [Rule] 138 motion before. I don't know how common that is in the clerk's office. You know, in reading the commentary on this and the comments around the rule, I believe it's really geared towards, you know, the spiteful divorce case where somebody is putting somebody's confidential information out there out of spite.

In this case I don't believe Mr. Callico did it out of spite. I think he did it out of lack of knowledge of [Rule 138], and so—but I had to do an awful lot of work to get the information—and not only that, but I mean after going through 147 different documents, I had to communicate to the clerk's office in some way what these 41 documents were meant to replace so that they didn't have to go through 147 documents. This was a lot of work.

\* \* \*

But those redacted documents replaced the original documents filed as the process [that] Rule 138 outlines. I don't think the Supreme Court thought about a case where I had to do 41 documents, and this procedure is fairly cumbersome.

So I ask for attorney's fees on this, not because it's punitive. In this case the attorney's fees are really somebody had to fix the information that's out there in the clerk's office. The Supreme Court put that on me as a representative of the party to fix that, and they said if that publication of those social security numbers was wil[l]ful, then the Court may grant attorney's fees, so I asked for attorney's fees \*\*\*.

So I'm asking you today, it doesn't seem fair that the *pro se* litigant, who didn't

5

know better, put this information out there. I had to correct it according to a procedure that was created by the Supreme Court that's very cumbersome, took an awful lot of my time and now my clients have to pay for his mistake. And so it's not punitive, it's just somebody had to pay to fix this and I believe it should be the *** people here, all the plaintiffs ***, it should be on them to fix this."

In response, counsel for plaintiffs argued that plaintiffs were "lay people," and the court should not "sanction lay people in these cases." Counsel for defendants argued that the court "can absolutely sanction a *pro se* litigant."

¶ 13    Next, counsel for defendants argued that Rule 137 sanctions were appropriate because the circuit court was not dealing with "normal *pro se* litigants." Referring to defendants' motion for Rule 137 sanctions, counsel argued in great detail before the court that plaintiffs failed to conduct reasonable inquiry and that the complaint stated irrelevant facts and legal conclusions to support claims based on inapplicable and incomprehensible legal theories. Following argument by the parties, the court took the matter under advisement.

¶ 14    On February 8, 2022, the circuit court entered a docket entry regarding the January 13, 2022, hearing:

"Counsel for Movant has admitted in his argument that [Mr. Callico] 'did it out of lack of knowledge of that rule ***.' The response to the said Motion filed by [Mr. Callico] denies that the 'error' was done in a wil[l]ful manner. Accordingly, the Court is unable to find that the 'error' of [Mr. Callico] in including the confidential information of parties and witnesses was done wil[l]fully."

The court denied defendants' request for attorney fees pursuant to Rule 138(f)(2). The court

reserved ruling on the issue of attorney fees requested as sanctions under Rule 137,[2] provided that "no specific relief for attorney's fees has been requested; further, the Court finds that any such present ruling on the issue of attorney's fees as a sanction is premature as there remains dispositive Motions pending relative to the Complaint filed by the Plaintiff ***." The court ordered plaintiffs to seek leave of court before initiating further discovery.

¶ 15    The next day, on February 9, 2022, counsel for defendants filed a timely motion to reconsider, arguing that the circuit court misinterpreted the word "willful" set forth in Rule 138(f)(2). Specifically, counsel for defendants argued that "[i]t does not matter if the violation of the rule was not willful, only that the inclusion of the personal identity information was willful." Moreover, counsel asserted that the court should hold plaintiffs to the same standard as a represented party and award attorney fees pursuant to Rule 138(f)(2).

¶ 16    On September 6, 2022, the circuit court held a hearing on defendants' motion for summary judgment and motion to reconsider the court's denial of attorney fees under Rule 138(f)(2). Following argument by the parties, the court took the matter under advisement.

¶ 17    On September 22, 2022, the circuit court denied defendants' motion to reconsider. The court also entered an order granting defendants' motion for summary judgment. In entering the motion for summary judgment in favor of defendants, the court stated that "[m]uch of th[e] [plaintiffs'] Complaint contained references to jurisdictional authority outside the State of Illinois, or, in some respects, contained allegations which were generally unintelligible as relevant to any sustainable cause of action in Illinois. That Complaint has never been amended."

¶ 18    On October 20, 2022, plaintiffs filed a timely motion to reconsider the circuit court's

_____

[2]On September 1, 2022, counsel for defendants filed an affidavit of attorney fees in support of defendants' motion for Rule 137 sanctions.

7

September 22, 2022, order, granting defendants' motion for summary judgment. Defendants filed a response to plaintiffs' motion to reconsider. Defendants also requested the court rule on defendant's motion for Rule 137 sanctions.

¶ 19     On February 23, 2023, the circuit court held a hearing on plaintiffs' motion to reconsider, which the court denied following argument by the parties. The report of proceedings and common law record do not provide reasoning for the court's denial. The court granted plaintiffs leave to file a response to defendants' motion for Rule 137 sanctions within 30 days.

¶ 20     On February 28, 2023, before plaintiffs filed a response to defendants' motion for Rule 137 sanctions, the circuit court denied defendants' motion for Rule 137 sanctions, stating in a docket entry:

> "THE COURT HAS FURTHER CONSIDERED THE WRITTEN AND ORAL ARGUMENTS OF COUNSEL ON THE MOTION TO RECONSIDER, AS WELL AS THE COURT HAS TAKEN NOTICE OF ITS OWN FILE; IN CONSIDERATION OF THE FOREGOING, THE COURT, ON ITS OWN MOTION, DENIES THE MOTION FOR RULE 137 SANCTIONS. THIS IS A FINAL AND APPEALABLE ORDER." (Emphasis in original.)

¶ 21     On March 30, 2023, plaintiffs filed a timely notice of appeal from the circuit court's September 22, 2022, February 23, 2023, and February 28, 2023, orders. The same day, Margaret filed a cross-appeal from the court's February 8, 2022, and September 22, 2022, orders denying attorney fees pursuant to Rule 138(f)(2), and February 28, 2023, order denying defendants' motion for Rule 137 sanctions.

¶ 22     On August 7, 2023, Margaret filed a motion to strike plaintiffs' opening brief and for other sanctions pursuant to Illinois Supreme Court Rule 375(a) (eff. Feb. 1, 1994), arguing that plaintiffs

8

failed to comply with Illinois Supreme Court Rule 341 (eff. Oct. 1, 2020). Margaret also filed a separate motion for sanctions, pursuant to Illinois Supreme Court Rule 375(b) (eff. Feb. 1, 1994), arguing that plaintiffs filed a frivolous appeal. We take Margaret's motions with the case.

¶ 23                                    II. Analysis

¶ 24    Initially, we address Margaret's motions to strike plaintiffs' opening brief and for sanctions pursuant to Rule 375(a). In Margaret's motion to strike, she argues that plaintiffs' statement of facts violates Illinois Supreme Court Rule 341(h)(6) (eff. Oct. 1, 2020). Rule 341(h)(6) provides that all briefs should provide the reviewing court with "the facts necessary to an understanding of the case, stated accurately and fairly without argument or comment, and with appropriate reference to the pages of the record on appeal." Ill. S. Ct. R. 341(h)(6) (eff. Oct. 1, 2020). Margaret argues that plaintiffs make "demonstrably false and irrelevant statements with no reference to the record" and misstate the procedural history of the case.

¶ 25    Additionally, Margaret argues that portions of plaintiffs' argument section should be stricken, where plaintiffs fail to comply with Illinois Supreme Court 341(h)(7) (eff. Oct. 1, 2020). Rule 341(h)(7) provides that the appellant's opening brief must set forth an argument "which shall contain the contentions of the appellant and reasons therefor." Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020). Margaret essentially contends that plaintiffs make conclusory statements without reasoning and citation to authorities and reference to the record.

¶ 26    The purpose of the appellate rules of procedure is to require the parties before the reviewing court to present clear and orderly arguments so that the court can properly ascertain and dispose of the issues presented. *Hall v. Naper Gold Hospitality LLC*, 2012 IL App (2d) 111151, ¶ 7. The procedural rules governing the content and format of appellate briefs are not suggestions, they are mandatory. *Rosestone Investments, LLC v. Garner*, 2013 IL App (1st) 123422, ¶ 18. "[T]he

striking of an appellate brief, in whole or in part, is a harsh sanction and is appropriate only when the alleged violations of procedural rules interfere with or preclude review." *Moomaw v. Mentor H/S, Inc.*, 313 Ill. App. 3d 1031, 1035 (2000). This court has discretion to strike an appellant's brief and dismiss an appeal for failure to comply with the applicable rules of appellate procedure. *McCann v. Dart*, 2015 IL App (1st) 141291, ¶ 12.

¶ 27 In the case at bar, plaintiffs' statement of facts fails to provide this court with an understanding of the case. The statement of facts is hard to follow, extremely undeveloped to provide an adequate understanding, and also fails in several instances to provide specific references to the record. Moreover, plaintiffs' argument section fails to provide a coherent legal argument in support of the issues raised on appeal. Under the first issue, plaintiffs state that undisputed facts exist and then proceed to list 19 bullet points without reference to the record or reasoning as to why this information is important to their argument. Under the second issue, plaintiffs fail to (1) cite to legal authority throughout, (2) elaborate on arguments when citing to case law, and (3) consistently cite to the record. Overall, plaintiffs' argument section fails to provide coherent legal argument and reasoning for this court to review. See *Sakellariadis v. Campbell*, 391 Ill. App. 3d 795, 804 (2009) (failure to elaborate on an argument, cite persuasive authority, or present a well-reasoned argument violates Rule 341(h)(7) and results in waiver of that argument). As such, plaintiffs' statement of facts and argument sections hinder our review. We grant Margaret's motion to strike and dismiss the appeal. We, however, deny Margaret's motion for sanctions based on plaintiffs' violations of the briefing requirements. See *Garlick v. Bloomingdale Township*, 2018 IL App (2d) 171013, ¶ 61 (granting motion to strike but declining to impose sanctions under Rule 375(a), where the violations were not so egregious as to warrant sanctions).

¶ 28   We also decline to impose sanctions under Rule 375(b), which allows this court to impose an appropriate sanction upon any party or the party's attorney if this court determines that the appeal is frivolous or not taken in good faith. Ill. S. Ct. R. 375(b) (eff. Feb. 1, 1994). An appeal is deemed frivolous "where it is not reasonably well grounded in fact and not warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law." *Id.* "Sanctions may be awarded against *pro se* litigants under sufficiently egregious circumstances." *Garlick*, 2018 IL App (2d) 171013, ¶ 59. "Imposition of sanctions under Rule 375(b) is left strictly to our discretion." *Id.* Given the deficiencies in plaintiffs' brief, we are unable to determine whether the appeal is frivolous. We find the dismissal of the appeal an appropriate sanction under these circumstances and decline to impose additional sanctions under Rule 375(b).

¶ 29   The dismissal of an appeal is such a severe sanction that we hesitate to impose it. However, plaintiffs' brief contains multiple violations of the briefing requirements set forth in the rules, which we find precludes our ability to review the issues raised on appeal. In view of these inadequacies, we exercise our discretion and dismiss plaintiffs' appeal.

¶ 30   We now turn to Margaret's cross-appeal. Margaret argues that the circuit court erred by ruling that Rule 138(f)(2) requires an intentional violation of the rule for a court to order attorney fees. Margaret also argues that the circuit court abused its discretion by failing to award defendants attorney fees, pursuant to Rule 138(f)(2), and denying defendants' motion for sanction, pursuant to Rule 137. We address Margaret's contentions in turn.

¶ 31   Margaret first argues on appeal that the circuit court misinterpreted the " 'willful' " requirement of Rule 138(f)(2). Margaret contends that Rule 138(f)(2) "does not require the court to find that the **violation** of the rule (or error) **was willful**, only that the **inclusion** of personal identity information **was willful**." (Emphasis in original.)

¶ 32    Although a supreme court rule is not a statute enacted by the Illinois legislature, the interpretation of a supreme court rule should follow the same guidelines as statutory interpretation. *Longstreet v. Cottrell, Inc.*, 374 Ill. App. 3d 549, 552 (2007) (citing *In re Estate of Rennick*, 181 Ill. 2d 395, 404 (1998)). As such, each section must be construed consistently with the other sections and subsections. *Bonaguro v. County Officers Electoral Board*, 158 Ill. 2d 391, 397 (1994). The words used by the Illinois Supreme Court should be given their plain and ordinary meaning (*Longstreet*, 374 Ill. App. 3d at 552), and a court of review must interpret the rule by ascertaining and giving effect to the drafter's intentions. *In re Estate of Rennick*, 181 Ill. 2d at 404-05. Issues involving the interpretation of a supreme court rule are reviewed *de novo. Id.* at 401.

¶ 33    Rule 138(f) provides that if a filing includes a party's personal identity information, that party may move to have the information redacted, and that "[i]f the court finds the inclusion of personal identity information in violation of this rule was willful, the court may award the prevailing party reasonable expenses, including attorney fees and court costs." Ill. S. Ct. R. 138(f)(1), (2) (eff. Jan. 1, 2018).

¶ 34    Defendants argue on appeal that the circuit court "may have accepted [p]laintiffs' false definition of 'willful[,]' which is actually the definition of 'willful misconduct,' "[3] as taken from "Law[ ]Insider.com." Defendants, with reliance on the definition of willful as provided in Black's Law Dictionary,[4] argue that plaintiffs intentionally, or willfully, included defendants' personal identity information in documents submitted to the court. According to defendants, an unintentional inclusion "might be the attachment of a document prepared by another person that

---

[3]Willful misconduct "means intentional disregard of good and prudent standards of performance or proper conduct with knowledge that it is likely to result in any injury to any person or persons or loss or damage to property." Law Insider Online Dictionary, https://www.lawinsider.com/dictionary/willful-misconduct (last visited June 5, 2024).

[4]"Willful" defined as " 'proceeding from a conscious motion of the will' " or " '**intentional**.' " (Emphasis in original.) Black's Law Dictionary 1599 (5th ed. 1990).

12

would not reasonably be expected to contain personal identity information." In this instance, however, defendants assert that plaintiffs' act of including personal identity information in 41 documents was intentional, and thus willful. We cannot agree.

¶ 35    This court recognizes that the Illinois Supreme Court did not define the term "willful" in Rule 138(f)(2). The most recent version of Black's Law Dictionary (11th ed. 2019) defines "willful" as "[v]oluntary and intentional, but not necessarily malicious." Additionally, the Merriam-Webster Online Dictionary defines "willful" as "done deliberately: intentional." The Merriam-Webster Online Dictionary (last visited May 30, 2024). With these definitions in mind, we are convinced that the Illinois Supreme Court intended for conduct to trigger a violation of Rule 138(f)(2) to include more than a mistake or oversight. Our review of the rule indicates that the purpose of Rule 138 was to reduce the risk of identity theft[5] that took place voluntarily, intentionally, and with purposefulness.

¶ 36    Here, it is undisputed that plaintiffs included the personal identity information of defendants and decedent in multiple documents submitted to the circuit court. Despite this, a review of the record indicates that the court relied on counsel for defendants' own argument at the January 13, 2022, hearing, when denying defendants' motion for attorney fees pursuant to Rule 138(f)(2). Specifically, the court relied on counsel's argument, which stated the following:

> "In this case I don't believe Mr. Callico did it out of spite. I think he did it out of lack of knowledge of [Rule 138], and so—but I had to do an awful lot of work to get the information ***.

> * * *

---

[5]Rule 138(b) states: "Personal identity information, for purposes of this rule, is defined as follows: (1) Social Security and individual taxpayer-identification numbers; (2) driver's license numbers; (3) financial account numbers; and (4) debit and credit cards." Ill. S. Ct. R. 138(b) (eff. Jan. 1, 2018).

So I ask for attorney's fees on this, not because it's punitive. In this case the attorney's fees are really somebody had to fix the information that's out there in the clerk's office. ***

So I'm asking you today, it doesn't seem fair that the *pro se* litigant, who didn't know better, put this information out there. I had to correct it according to a procedure that was created by the Supreme Court that's very cumbersome, took an awful lot of my time and now my clients have to pay for his mistake. And so it's not punitive, it's just somebody had to pay to fix this and I believe it should be the *** people here, all the plaintiffs ***, it should be on them to fix this."

After taking the matter under advisement, the court stated the following in a docket entry, dated February 8, 2022:

"Counsel for Movant [defendants] has admitted in his argument that [Mr. Callico] 'did it out of lack of knowledge of that rule ***.' The response to the said Motion filed by [Mr. Callico] denies that the 'error' was done in a wil[l]ful manner. Accordingly, the Court is unable to find that the 'error' of [Mr. Callico] in including the confidential information of parties and witnesses was done wil[l]fully."

As such, the court, relying on the arguments of the parties, determined that plaintiffs' inclusion of personal identity information in several documents, although a violation of the rule, was not done intentionally or voluntarily. The court instead relied on plaintiffs' position that the disclosure of personal identity information on documents and exhibits "was purely an error and oversight," not included deliberately, intentionally, or willfully. We do not disagree. Accordingly, we cannot conclude that the court erred in determining that plaintiffs did not include the personal identity information intentionally, as required by Rule 138(f)(2).

14

¶ 37    Moreover, this court recognizes that *pro se* litigants must comply with the same rules and are held to the same standards as licensed attorneys. *Zemater v. Village of Waterman*, 2020 IL App (2d) 190013, ¶ 19. However, without evidence that plaintiffs intentionally included personal identity information in documents submitted to the court, we simply cannot conclude that plaintiffs' noncompliance was done so willfully. Therefore, we find the court did not abuse its discretion by denying defendants' motion for attorney fees pursuant to Rule 138(f)(2). *In re Estate of Callahan*, 144 Ill. 2d 32, 43-44 (1991) ("A trial court has broad discretionary powers in awarding attorney fees and its decision will not be reversed on appeal unless the court abused its discretion." (citing *In re Estate of Healy*, 137 Ill. App. 3d 406, 411 (1985)).

¶ 38    Next, Margaret argues on appeal that the circuit court abused its discretion by denying defendants' motion for sanctions pursuant to Rule 137. Specifically, Margaret contends that sanctions were appropriate, where plaintiffs' complaint violated "every aspect of Rule 137" by making unfounded, slanderous claims not based on Illinois law, presenting false statements, without reasonable inquiry, filing the lawsuit for improper purposes, and repeatedly failing to cite to Illinois Rules of Civil Procedure.

¶ 39    Rule 137 provides that circuit court judges may impose sanctions when the rule is violated. *Rubin & Norris, LLC v. Panzarella*, 2016 IL App (1st) 141315, ¶ 49. Circuit courts, however, are not required to do so. *Id.* The rule is designed to discourage frivolous filings, not to punish parties for making losing arguments. *Lake Environmental, Inc. v. Arnold*, 2015 IL 118110, ¶ 15. The purpose of the rule is to prevent parties from abusing the judicial process by penalizing the litigant who brings vexatious or harassing actions premised on unsupported allegations of fact or law. *Dismuke v. Rand Cook Auto Sales, Inc.*, 378 Ill. App. 3d 214, 217 (2007). Rule 137 is penal in nature and is strictly construed, reserving sanctions for the most egregious crimes. *Patton v. Lee*,

406 Ill. App. 3d 195, 202 (2010). When a party asks for the imposition of Rule 137 sanctions, that party bears the burden of proof. *Technology Innovation Center, Inc. v. Advanced Multiuser Technologies Corp.*, 315 Ill. App. 3d 238, 243 (2000). We review a circuit court's ruling on a motion for Rule 137 sanctions for an abuse of discretion (*Dowd & Dowd, Ltd. v. Gleason*, 181 Ill. 2d 460, 487 (1998)), and there is no requirement for a circuit court to explain its reasons for denying a motion for sanctions (*Lake Environmental, Inc.*, 2015 IL 118110, ¶ 19).

¶ 40    Applying these principles to the circumstances of this litigation, we cannot conclude that the circuit court abused its discretion by denying defendants' motion for sanctions pursuant to Rule 137. The allegations of alleged sanctionable conduct we are asked to review were first presented in defendants' motion for sanctions pursuant to Rule 137. They are as follows: (1) plaintiffs' complaint included improper parties against improper parties; (2) Edward assumed a parental authority unauthorized by Illinois law by signing the complaint on behalf of his two minor children and a " 'child' " over 18 years of age; (3) Lee Ann, a licensed paralegal and improper party to the dispute, used her "legal training to represent another person," constituting an improper use of the legal system; (4) plaintiffs' claims were not grounded in fact, where plaintiffs provided insufficient facts to support legal theories and repeatedly used legal conclusions in place of facts; (5) plaintiffs' legal theories contained in complaint were illogical, incomprehensible, and not warranted by law; and (6) plaintiffs filed their complaint for improper purpose to harass family members. On appeal, Margaret also argues that plaintiffs cited to Kentucky, not Illinois, law in other pleadings, including the motion to reconsider, which plaintiffs' counsel filed.

¶ 41    Plaintiffs, without the benefit of an attorney's advice, seemed to have an incorrect belief that they were entitled to pursue the instant action when they filed the complaint. We note that the circuit court's order granting summary judgment in favor of defendants highlighted the fact that

16

plaintiffs' *pro se* complaint "in some respects, contained allegations which were generally unintelligible as relevant to any sustainable cause of action in Illinois."

¶ 42    We also note that at the February 23, 2023, hearing on plaintiffs' October 20, 2022, motion to reconsider, counsel for defendants argued, *inter alia*, that plaintiffs' counsel relied on Kentucky law in the motion to reconsider, where counsel argued that plaintiffs were entitled to amend the complaint, stating: "Plaintiffs should have the right to amend their original complaint, C.R. states 'leave shall be freely given when justice so requires.' " Counsel for defendants argued, "[H]ere what we have is an Illinois lawyer citing Kentucky law." Counsel for defendants then referenced three additional motions that included citations to Kentucky court rules, including plaintiffs' *pro se* reply to defendants' affirmative defenses, dated December 4, 2020;[6] plaintiffs' *pro se* motion to compel discovery, dated March 22, 2021,[7] and plaintiffs' *pro se* continued motion to compel discovery, dated May 12, 2021.[8] The circuit court then asked counsel for plaintiffs if he had "anything else," to which counsel responded, "No sir." The court denied plaintiffs' motion to reconsider and allowed plaintiffs leave to file a response to defendants' motion for Rule 137 sanctions, which plaintiffs did not file.

¶ 43    For the following reasons, we cannot find that the circuit court's denial of Rule 137 sanctions constituted an abuse of discretion. A review of plaintiffs' complaint indicates that plaintiffs, Edward and Lee Ann, proceeding *pro se*, included, at times, insufficient facts and conclusory legal theories, while also including, and signing on behalf of, their children as parties to the lawsuit. We are unconvinced, however, that plaintiffs filed the complaint in bad faith or in an effort to harass family members, as defendants argues, or that the complaint was not objectively

---

[6]Kentucky Civil Rule 15.01 provides that leave to amend "shall be freely given when justice so requires."
[7]Kentucky Civil Rules 26.02(1); 33.01; 34.01; and 37.01.
[8]Kentucky Civil Rules 26.02(1); 33.01; 34.01; and 37.01.

reasonable under the circumstances at the time of filing. The record reveals that the court ordered plaintiffs on February 8, 2022, to seek leave of court before initiating further discovery, indicating that the court recognized the extensive litigation and filing that took place. Despite this, the court determined on February 8, 2022, that "the issue of attorney's fees as a sanction is premature as there remains dispositive Motions pending relative to the Complaint filed by the Plaintiff." Although courts hold *pro se* litigants to the same standards as licensed attorneys (*Zemater*, 2020 IL App (2d) 190013, ¶ 19), we cannot find that plaintiffs actions were so egregious to find the court abused its discretion in denying Rule 137 sanctions. *Patton*, 406 Ill. App. 3d at 202 (Rule 137 is penal in nature and is strictly construed, reserving sanctions for the most egregious crimes).

¶ 44 Moreover, we note that plaintiffs' counsel entered his appearance on November 30, 2021. Following entry of appearance, plaintiffs' counsel filed the October 20, 2022, motion to reconsider, which included a reference to Kentucky C.R. 1501. As stated above, the circuit court was aware of counsel's inclusion of this rule at the February 23, 2023, hearing. Despite this, the court, after considering the written and oral arguments of the parties, denied defendants' motion for Rule 137 sanctions. Given the deficiencies in plaintiffs' complaint, it appears the court found the granting of defendants' motion for summary judgment an appropriate sanction under these circumstances and declined to impose sanctions under Rule 137. We, therefore, cannot conclude that the court abused its discretion by denying Rule 137 sanctions.

¶ 45 Accordingly, we affirm the court's order denying defendant's motions for Rule 137 sanctions and attorney fees pursuant to Rule 138(f)(2).

¶ 46                                III. Conclusion

¶ 47    For these reasons, we dismiss plaintiffs' appeal. We affirm the order of the circuit court of

Clinton County denying defendants' motions for Rule 137 sanctions and attorney fees pursuant to

Rule 138(f)(2).


¶ 48    Affirmed in part and dismissed in part.