2025 IL App (2d) 240326-U
No. 2-24-0326
Order filed May 27, 2025

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| WILMINGTON SAVINGS FUND SOCIETY, FSB, not in its individual capacity but solely as Owner Trustee of CSMC 2020-RPL2 Trust, | ) ) ) ) | Appeal from the Circuit Court of McHenry County. |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 21-CH-31 |
| STANISLAWA GLOWACZ a/k/a Stacy Glowacz; SCOTT PETERS, OAKHURST IMPROVEMENT ASSOCIATION; LISA JOYCE; JESPER PETERS a/k/a Samantha Peters; UNKNOWN OWNERS, generally, and NON-RECORD CLAIMANTS, | ) ) ) ) ) ) ) | |
| Defendants | ) ) | |
| (Scott Peters, Counter-Plaintiff-Appellant v. Fannie Mae, Stanislawa Glowacz; and Oakhurst Improvement Association, Counter-Defendants-Appellees). | ) ) ) ) ) | Honorable David R. Gervais, Judge, Presiding. |

JUSTICE HUTCHINSON delivered the judgment of the court.
Presiding Justice Kennedy and Justice Schostok concurred in the judgment.

**ORDER**

¶ 1    *Held*: Pursuant to Illinois Supreme Court Rule 303(b)(2), this court lacks appellate jurisdiction over this appeal of the trial court's orders dismissing appellant's

counterclaims because he failed to specify that order in the notice of appeal and the order was not a step in the procedural progression leading to the orders specified in the notice of appeal.

¶ 2　Counter-plaintiff-appellant, Scott Peters (Peters) appeals from the trial court's April 22, 2024, order approving the sale of the subject property located at 2607 Indian Trail, McHenry (subject property). In his *pro se* notice of appeal, Peters identifies the April 22, 2024, order[1] as that from which the appeal is taken and identifies the nature of the order appealed from as "default ruling, summary judgment, foreclosure order, fraudulent warranty deed, chain of title." For the reasons that follow, this court lack jurisdiction to entertain this appeal.

¶ 3　　　　　　　　　　　　　　I. BACKGROUND

¶ 4　In 2005, Stanislawa Glowacz obtained a loan for $90,400.00 from America's Wholesale Lender to purchase the subject property. Glowacz memorialized the loan by a promissory note and the subject property was secured by a mortgage executed by Glowacz. Glowacz conveyed her interest in the subject property to Peters on June 27, 2008, through the execution of a warranty deed. Glowacz remained the obligor on the loan.

¶ 5　On September 1, 2020, Glowacz defaulted on the loan. Wilmington Savings Fund, FSB (Wilmington), as custodian of a Delaware Statutory Trust (the Trust) that possessed the promissory note, filed a foreclosure complaint against Glowacz and Peters on March 1, 2021. The mortgage was assigned to Wilmington on April 13, 2021.

---

[1]The notice of appeal identifies the order as having been entered on April 25, 2024. However, as no order was entered on that date, we will presume Peters meant to identify the order's date as April 22, 2024.

¶ 6    On October 15, 2021, the Trust filed a first amended foreclosure complaint which added Lisa Joyce and Jesper Peters a/k/a Samanthan Peters as defendants. On November 8, 2021, Wilmington was substituted as party plaintiff for the Trust.

¶ 7    On May 4, 2022, Peters filed a *pro se* counterclaim against Wilmington, Glowacz, and other counter-defendants. The counterclaim alleged various acts by the counter-defendants for tortious interference with a contract between Peters and Glowacz, resulting in damages for setoff and recoupment. The counterclaim alleged that Wilmington lacked the capacity to file the foreclosure complaint because Glowacz had been "discharged in federal bankruptcy" and that Wilmington was not the legal holder of Glowacz's indebtedness. He further sought attorney's fees and costs. At the time of the counterclaim's filing, Peters was incarcerated in the Illinois Department of Corrections.

¶ 8    On July 25, 2022, Wilmington filed a motion to dismiss the counterclaim pursuant to section 2-619.1 (735 ILCS 5/2-619(a)(9) (West 2022) of the Code of Civil Procedure. On February 16, 2023, the trial court dismissed Peters' counterclaims against Wilmington with prejudice.

¶ 9    On December 22, 2023, the trial court entered summary judgment in favor of Wilmington on its first amended complaint for foreclosure. Additionally, on December 22, 2023, the trial court denied Peters' motion for summary judgment against the remaining counter-defendants in his counterclaim with prejudice.

¶ 10    Following the sale of the subject property to a third party, the trial court entered an order approving sale on April 22, 2024. On May 23, 2024, Peters filed his *pro se* notice of appeal. The notice of appeal identifies the April 22, 2024, order as that from which the appeal is taken and identifies the nature of the order appealed from as "default ruling, summary judgment, foreclosure

order, fraudulent warranty deed, chain of title." The caption to the notice of appeal fails to list Wilmington as a counter-defendant.

¶ 11    On August 6, 2024, Peters filed his *pro se* appellant brief with this court. The brief concentrates exclusively on the trial court's February 16, 2023, order dismissing his counterclaims against Wilmington, and the trial court's December 22, 2023, order denying summary judgment on his counterclaims against the remaining counter-defendants.

¶ 12                            II. ANALYSIS

¶ 13    Peters' notice of appeal lists one specific order from which he appeals: the April 22, 2024, order that approved sale of the subject property. He also mentions "default ruling, summary judgment, foreclosure order, fraudulent warranty deed, chain of title" as the nature of that ruling. Under Illinois Supreme Court Rule 303(b)(2) (eff. July 1, 2017), we lack jurisdiction to review judgments or parts of judgments not specified in or inferred from the notice of appeal. See *Bayview Loan Servicing, LLC v. Szpara*, 2015 IL App (2d) 140331, ¶ 25. An unspecified order is reviewable only if it is a step in the procedural progression leading to the judgment specified in the notice of appeal. *Id*., ¶ 26.

¶ 14    We agree with Wilmington that Peters' contention that the trial court's February 16, 2023, and December 22, 2023, orders are not properly before us on appeal. Neither the February 16, 2023, order dismissing Peters' counterclaim against Wilmington, nor the December 22, 2023, order denying his motion for summary judgment against the remaining counter-defendants in his counterclaim were a step in the procedural progression leading to the judgment specified in his notice of appeal. Peters, although *pro se*, must comply with the same rules and is held to the same standards as licensed attorneys. *Zemater v. Village of Waterman*, 2020 IL App (2d) 190013, ¶ 19. Although we acknowledge that a notice of appeal is to be liberally construed, what Peters identifies

in his notice of appeal does not adequately set out the judgment of which he complains, or the relief sought, such that Wilmington or the other counter-defendants could be apprised of the nature of the appeal. See *In re Marriage of O'Brien*, 2011 IL 109039, ¶ 22. His failure to identify the February 16, 2023, and December 22, 2023, order in his notice of appeal is a violation of Rule 303(b)(2), depriving this court of appellate jurisdiction.

¶ 15    Before concluding, we must briefly address Peters' motion filed with this court requesting a definite answer to the contentions raised in his appeal. We took his motion with the case. Based on the foregoing in this dispositional order, the motion is denied as moot.

¶ 16                                III. CONCLUSION

¶ 17    For the reasons stated, this appeal is dismissed.

¶ 18    Appeal dismissed.